WILLIAM J. DiPERRIO *vs.* TOWN OF HOLDEN.

Worcester.    September 26, 1960. — November 8, 1960.

Present: WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE, & CUTTER, JJ.

*Practice, Civil,* Requests, rulings and instructions; Stipulation; Exceptions: whether error shown. *Evidence,* Relevancy and materiality. *Eminent Domain,* Damages. *Damages,* Eminent domain. *Error,* Whether error shown.

A failure to act on requests for rulings at the trial of an action without jury is deemed to be a refusal of the requests where the general finding is adverse to the requesting party.    [343]

Failure to act on a request for ruling stating a well established, pertinent rule of law at the trial of an action without jury was reversible error in the circumstances where it did not appear that the judge had the rule in mind and applied it as though he had specifically granted the request.    [343]

In a proceeding for assessment of damages for a taking of a part of a parcel of land, a stipulation that the only question involved was "the value of the land" left open for determination not merely the value of

the land taken but also the diminution in the value of the rest of the parcel caused by the taking. [343–344]

No error appeared in admitting in evidence, at the trial of a proceeding for assessment of damages for a taking of land, a rule of the metropolitan district commission purporting to forbid bathing, fishing, and boating in a pond adjacent to the land taken. [344]

PETITION for assessment of damages for a taking of land, filed in the Superior Court on March 5, 1956.

The case was heard by *Gourdin, J.,* without jury.

*Charles W. Proctor,* for the petitioner.

*Paul L. Hinckley,* Town Counsel, for the respondent.

WHITTEMORE, J. The trial judge assessed damages in this land taking case for less than the amounts respectively found by the auditor and testified to by the petitioner's witnesses. A part only of the petitioner's land was taken. It had been "admitted at the trial that the only question involved was the question of the value of the land." The petitioner asserts error in the failure to pass on six requests for rulings and in the admission of a rule of the metropolitan district commission.

Requests not dealt with are deemed denied where the finding is adverse. *John Hetherington & Sons, Ltd.* v. *William Firth Co.* 210 Mass. 8, 17–19. *Wolfe* v. *Laundre,* 327 Mass. 47, 49–50. The award in less than the amount asked by the petitioner was adverse. *Hamblin* v. *County Commrs. of Barnstable,* 16 Gray, 256, 259.

The requests for the most part stated or referred to well established rules, which we have little doubt were in mind and applied by the judge. In the circumstances, however, the petitioner was entitled to know that such was the case. The petitioner cannot know that, as was the case in *Herman* v. *Sadolf,* 294 Mass. 358, 362, if "these requests had been granted . . . the decision of the trial judge would unquestionably have been the same."

The first request was: "The measure of damages is the fair market value of the property of the petitioner actually taken plus the diminution in the value of the petitioner's remaining land caused by the taking." The respondent

contends that this could not have been given because of the admission at the trial that the only question was of "the value of the land." There is nothing in this. The reasonable construction of the stipulation encompasses more than the value of the land taken. It includes also the value before and after the taking of the land adversely affected. See G. L. c. 79, § 12; *Chandler* v. *Jamaica Pond Aqueduct Corp.* 125 Mass. 544, 550–551; *Newton Girl Scout Council, Inc.* v. *Massachusetts Turnpike Authy.* 335 Mass. 189, 193 (". . . in the case of a partial taking, [there] is to be included the diminution *in value* [emphasis supplied] of the remaining land caused by the taking"). The issue of diminished value was fully tried. Witnesses stated the damage to the remaining land in express terms of its worth or value before and after the taking.

The respondent's contention as to the effect of the stipulation, although it is unfounded, emphasizes the importance of a ruling, as asked in request 1, that, notwithstanding the stipulation, both elements of damage were to be included in the finding. It is similarly important in respect of request 5 for a ruling that in "determining severance damage to the remaining property . . . the court may consider . . . the construction of the school and the limitation of access . . . to the remaining property and the cost and difficulty of providing such access."

It is unnecessary to discuss the other four requests or determine whether one or more of them should have been denied in the precise form set out.

We see no error in the admission of the rule purporting to bar bathing, fishing or boating in the adjacent pond.

*Exceptions sustained.*