JOYCE V. MORGAN & another[1] *vs.* CRAIG R. EVANS
& another.[2]

No. 93-P-1802.

Essex. January 9, 1995. - December 1, 1995.

Present: ARMSTRONG, SMITH, & LAURENCE, JJ.

*Res Judicata. Judgment*, Preclusive effect. *Practice, Civil*, Dismissal,
Parties, Complaint, Amendment.

A Superior Court judge incorrectly granted the defendants' motion for
summary judgment based on the defendants' claim that the plaintiffs'
action was barred by principles of res judicata, where the prior action
had been dismissed on a report of a settlement and no final judgment
had ever entered: under the circumstances the dismissal was governed
by Mass.R.Civ.P. 41 (a) (2), was voluntary and without prejudice, and
therefore did not preclude a second action on the same claims and
issues. [467-470]
On remand of a civil action the plaintiffs' motion to amend their complaint
to add additional plaintiffs, individuals who had an ownership interest
in the property in question, who thus were indispensable parties, should
be allowed. [470-471]

CIVIL ACTION commenced in the Superior Court Depart-
ment on August 22, 1986.

A motion for summary judgment was heard by *John P.
Forte*, J., sitting under statutory authority, and a motion for
reconsideration was also heard by him; motions to amend the
complaint and for entry of final judgment were heard by
*Peter F. Brady*, J.

*Craig E. Stewart* for the plaintiffs.
*Robert H. Monheimer* (*Eileen Weicher* with him) for the
defendants.

---

[1]Kathryn D. Vining.
[2]Constantina F. Evans.

SMITH, J. On August 22, 1986, the plaintiffs, Joyce V. Morgan and Kathryn D. Vining, mother and daughter respectively, commenced a trespass, nuisance, and negligence action against the defendants, Craig and Constantina Evans. The complaint alleged that the defendants had constructed a building upon a foundation that extended approximately one foot onto the plaintiffs' land.

After answering and filing a counterclaim, the defendants filed a motion for summary judgment and a brief in support thereof, claiming, among other things, that the plaintiffs had brought an action in 1978 against Richard and Dorothy Anderson and Joseph Mannix, the defendants' predecessors in title to lot 36 (the same lot named in the 1986 complaint).[3] According to the defendants, the plaintiffs were repeating the same allegations that they made in the 1978 complaint. The 1978 complaint was dismissed by an order of the court. The defendants claimed, therefore, that their summary judgment motion should be granted on the grounds of res judicata and collateral estoppel. Five affidavits accompanied the motion.

The plaintiffs opposed the granting of summary judgment on two grounds. First, the plaintiffs claimed that the dismissal entered in the prior action resulted from the parties reporting, prior to trial, that the action had been settled. According to the plaintiffs, the matter did not settle and, therefore, the dismissal in the prior action was not a bar to the present action. Second, the plaintiffs claimed that, because the present action involved new and further acts of trespass and encroachment that occurred after the prior action was dismissed, res judicata could not bar claims based on those new facts. The plaintiffs did not submit any affidavits. After hearing arguments, the judge allowed the defendants' motion for summary judgment "on the grounds of prior adjudication."

---

[3]Sometime in the 1930's, the then owners of lot 36 constructed a building atop cedar posts on the lot. In 1967, the Andersons had the building raised and a foundation built. The Andersons sold the lot to Mannix, who did not make any alterations to the building. Mannix sold the property in 1985 to the present defendants. These defendants razed the Anderson-Mannix structure and constructed a building on the same foundation.

About a month later, the plaintiffs executed a motion for reconsideration including an affidavit that, for the first time, disputed facts contained in the affidavits filed by the defendants in support of their motion for summary judgment. After hearing arguments, the judge denied the plaintiffs' motion for reconsideration. A final judgment on the plaintiffs' complaint was entered on October 5, 1993, pursuant to Mass.R.Civ.P. 54(b), 365 Mass. 821 (1974); the defendants' counterclaim remains outstanding. The plaintiffs filed a notice of appeal.[4]

The plaintiffs claim on appeal that the judge committed error (1) in granting the defendants' motion for summary judgment and (2) in denying the plaintiffs' motion to add indispensable parties as plaintiffs.

1. *The granting of the summary judgment motion.* Res judicata is comprised of two doctrines — "claim preclusion" and "issue preclusion." *Heacock* v. *Heacock*, 402 Mass. 21, 23 n.2 (1988). "The doctrine of claim preclusion makes a valid, final judgment conclusive on the parties and their privies, and bars further litigation of all matters that were or should have been adjudicated in the action." *Heacock* v. *Heacock*, 402 Mass. at 23. In regard to the doctrine of issue preclusion, the party asserting that claim "must establish that the issue of fact sought to be foreclosed actually was litigated and determined in a prior action between the parties or their privies, and that the determination was essential to the decision in the prior action." *Id.* at 25.

The dismissal order in the prior action contained the following language:

> "The case having been reported settled, it is ordered that the action be and hereby is dismissed, to be va-

---

[4]The defendants filed a motion in this court to dismiss the plaintiffs' appeal, claiming that the plaintiffs have appealed only the order to enter final judgment and not the final judgment itself. We decline to avoid a decision on the merits of the appeal on the basis of that technicality. *Swampscott Educ. Assn.* v. *Swampscott*, 391 Mass. 864, 865-866 (1984). See also *Johnson* v. *Chateau De Ville, Inc.*, 20 Mass. App. Ct. 933, 933 n.1 (1985).

cated if an agreement for judgment is filed within 60 days."[5]

No agreement for judgment was ever filed in the prior action and no final judgment was entered in the matter.

Both parties agree that the dismissal was pursuant to Mass.R.Civ.P. 41, 365 Mass. 803-805 (1974). The precise subparagraph of rule 41 under which the dismissal was ordered is the subject of dispute. The plaintiffs claim that the dismissal was a voluntary dismissal under rule 41(a) (2),[6] and, therefore, was a dismissal without prejudice that did not operate as an adjudication upon the merits.[7] The defendants argue that rule 41(b) (3) applies because the dismissal in the prior action falls within the category of "any dismissal not provided for in this rule" and therefore, "operates as an adjudication upon the merits."[8]

---

[5] The following language was crossed out, presumably by the judge who issued the order or by the clerk at the judge's direction:

> "This action came on to be heard at this sitting and thereupon, upon consideration thereof, it is ORDERED AND ADJUDGED that the action be and hereby is dismissed for lack of prosecution."

[6] "*Rule 41. DISMISSAL OF ACTIONS.*

> "(a) *Voluntary Dismissal: Effect Thereof.*
>
> . . .
>
> "(2) *By Order of Court.* Except as provided in paragraph (1) of this subdivision (a), an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper . . . . Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice."

[7] The plaintiffs also claim that, if the dismissal was not under 41(a)(2), it was an involuntary dismissal under 41(b)(1) for lack of prosecution. We reject this argument because the key words "lack of prosecution" were crossed out in the order of dismissal. See note 5, *supra.*

[8]    "(b) *Involuntary Dismissal: Effect Thereof.*

> . . .
>
> "(3) *Effect.* Unless the dismissal is pursuant to paragraph (1) of this subdivision (b), or unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision (b) and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits."

The language in the order expressly states that the case was dismissed because the plaintiffs (or both parties) reported that it had been settled. Therefore, we reject the defendants' theory that the dismissal was involuntary and that rule 41(b) (3) controls this matter. The defendants have not cited any decision that holds that dismissals of the type present here are governed by rule 41(b) (3). The language in rule 41(b) (3) relied on by the defendants has been interpreted as referring to those dismissals that are ordered for violations of a court rule or order. See Smith & Zobel, Rules Practice § 41.11 (1977); 9 Wright & Miller, Federal Practice & Procedure Civil § 2373, at 400 (2d ed. 1995).

In contrast, the plaintiffs' claim that dismissal in the prior action was a voluntary dismissal, without prejudice, and governed by rule 41(a) (2), has considerable merit. Both in the Federal courts,[9] see *Kokkonen* v. *Guardian Life Ins. Co.*, 114 S.Ct. 1673, 1675-1676 (1994), and in Massachusetts, see *Kromhout* v. *Commonwealth*, 398 Mass. 687, 688 n.1 (1986), reference has been made to dismissals under rule 41(a) (2) where parties have reported that their cases have been settled.

The defendants argue that the dismissal could not have been ordered pursuant to rule 41(a) (2) because the rule requires that the dismissal be "at the plaintiff's instance," and the docket in the prior action does not show a request or a motion by the plaintiffs for such dismissal. That argument is not persuasive. According to the order, the prior action was reported settled. The docket in the prior action contains no objection by the then defendants to the order of dismissal. We think it may be inferred that the report of settlement that resulted in the order of dismissal came either from the plaintiffs alone or from both parties. In either case, the dismissal was "at the plaintiff[s'] instance."

Our holding that the dismissal was governed by rule 41(a) (2) does not end our inquiry. We still must decide whether the dismissal was with or without prejudice.

[9]The language in Fed.R.Civ.P. 41(a)(2) is, in substance, identical to Mass.R.Civ.P. 41(a)(2).

In dismissing an action pursuant to rule 41(a) (2), a "court may grant dismissal without prejudice or may require that the dismissal be with prejudice." 9 Wright & Miller, Federal Practice & Procedure Civil 2d § 2367, at 318 (1995). Rule 41(a) (2) provides that "[u]nless otherwise specified in the order, a dismissal under this paragraph is without prejudice." A dismissal without prejudice does not preclude a second action on the same claim and issues.[10] 9 Wright & Miller, Federal Practice & Procedure Civil § 2367, at 321 (2d ed. 1995) ("A voluntary dismissal without prejudice leaves the situation as if the action had never been filed."). Because the dismissal in the prior action was without prejudice and not upon the merits of the action, it was error for the judge to grant the defendants' motion for summary judgment.[11]

2. *The motions to add indispensable parties and to amend the complaint.* Almost six years after this action was filed, the plaintiffs made a motion to add Justin Vining and John Vining, Jr., as indispensable parties in this action pursuant to Mass.R.Civ.P. 19, 365 Mass. 765 (1974). These two individuals have an ownership interest in the property in question. The defendants opposed the motion on the basis that it was untimely, and the judge denied the motion.

Over a year later, on September 27, 1993, the plaintiffs filed a motion to amend their complaint, under Mass.R.Civ.P. 15, 365 Mass. 761 (1974), to add the same two individuals as plaintiffs in this action. On the basis that

---

[10]There is another reason why the dismissal in the prior action was not an adjudication upon the merits. No final judgment was filed in that matter. The order itself recites that it may be vacated and replaced with a judgment within sixty days. Because the prior action "never went to judgment, but merely to the stage of a conditional order for judgment, the [plaintiffs are] not precluded either by res judicata or by collateral estoppel from" bringing the present action. *Chittenden Trust Co.* v. *Levitt*, 26 Mass. App. Ct. 208, 212 (1988). *McDonald* v. *Bellotti*, 29 Mass. App. Ct. 988, 991 n.3 (1990), is not to the contrary. In *McDonald*, this court treated the order of dismissal as a final judgment. However, unlike the dismissal here, that dismissal was specified to be with prejudice.

[11]Because of our decision, it is not necessary for us to consider whether collateral estoppel bars the plaintiffs' present claim.

summary judgment had already been entered on the plaintiffs' complaint, a different motion judge denied this motion.

The plaintiffs and the defendants agree that the Vinings are indispensable parties.[12] Because the Vinings are indispensable or necessary parties, the plaintiffs' motion to amend their complaint to add additional plaintiffs should be allowed on remand. See generally Smith & Zobel, Rules Practice § 19.3 (1975).

The judgment entered below is vacated. The case is remanded to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*

---

[12]The defendants pleaded the plaintiffs' failure to join these parties as an affirmative defense in their answer and as an additional ground for summary judgment.