Sherman, RJ.
This is an action to recover for the defendant-insurer’s alleged breach of contract in denying a claim by the plaintiff-insured for property damage which occurred during the theft of her motor vehicle.1 After trial, judgment was entered for the defendant. The plaintiff has appealed pursuant to Dist./Mun. Cts. RADA, Rule 8C on a charge of error in the trial court’s disposition of her requests for rulings of law.
The record indicates that on February 25,1991, plaintiff Mary Keefe purchased a new Pontiac Firebird for her brother, John Keefe, who was unable to obtain his own financing for such purchase. The plaintiff retained title to the vehicle in her name, and registered and insured the vehicle as its owner.
A completed application for automobile insurance, listing plaintiff Mary Keefe as the insured and bearing her purported signature, was forwarded to defendant *193John Hancock Property & Casualty Insurance Companies. The insurance application was in fact completed by John Keefe, who signed his sister’s name with her permission. The application listed the plaintiff-insured’s address and the principal place of garaging of the vehicle as 117 Lake Street, Wilmington, Massachusetts. The plaintiff did not, however, live in Wilmington, but resided at all times relevant to this action at 65 Lowell Street, Somerville, Massachusetts. The plaintiff owned the Lake Street property, and rented it to her brother, John Keefe.
The application designated both Mary and John Keefe as the operators of the vehicle, and estimated their percentage of use as one (1%) percent for plaintiff Mary Keefe, and ninety-nine (99%) percent for John Keefe. The application also listed a purported Massachusetts driver’s license number for John Keefe, who in fact had no valid or legal license issued by the Massachusetts Registry of Motor Vehicles.
The defendant issued a standard Massachusetts Automobile Insurance Policy to the plaintiff for the period February 27,1991 to February 27,1992, and the policy was automatically renewed for a second period ending February 27, 1993. At no time during the initial or second policy periods did plaintiff Mary Keefe inform the defendant of the false information on the application.
In March, 1992, the vehicle was involved in an accident, and plaintiff Mary Keefe filed a collision claim with the defendant. The defendant allowed the claim, and issued a check to Mary Keefe in the amount of $1,100.18.
In July 18, 1992, the vehicle was allegedly stolen after John Keefe, with Mary Keefe’s permission, allowed a friend to use the car. The plaintiff notified the defendant by telephone, and was advised that her claim could not be processed until she supplied a “notarized theft affidavit” and police reports. The plaintiff testified that when she notified the Tewksbury Police Department of the theft, she was informed that the car had already been recovered and that no police report in such a case was necessary. Mary Keefe subsequently provided a “notarized theft affidavit” to the defendant in which she falsely listed her address as 117 Lake Street, Wilmington.
The plaintiff’s comprehensive theft claim was assigned to one Mark Hannigan (“Hannigan”) of the defendant’s investigative unit. Hannigan’s computer search of Registry of Motor Vehicle records revealed that John Keefe had no Massachusetts license, that Mary Keefe lived in Somerville rather than Wilmington, and that the vehicle was registered in Wilmington. Pursuant to a provision of the insurance policy, both Mary and John Keefe submitted to examinations under oath. John Keefe, in Hannigan’s presence, admitted that his sister authorized him to complete and sign the insurance application, that he did not have a valid Massachusetts driver’s license, and that he had misrepresented the same on the application.2
The defendant thereafter requested releases from the plaintiff to obtain documents necessary to its claim investigation. The plaintiff failed to comply with the defendant’s request, the defendant denied the plaintiff’s claim based on material misrepresentations and a failure to cooperate, and this action ensued.
*1941. Pursuant to G.L.c. 175, §86, a misrepresentation in an application for insurance permits the insurer to avoid the policy and to refuse payment of claims if the misrepresentation was material and was either made with an actual intent to deceive or increased the insurer’s risk of loss.3 Giannelli v. Metropolitan Life Ins. Co., 307 Mass. 18, 22 (1940); Hanover Ins. Co. v. Leeds, 42 Mass. App. Ct. 54, 57 (1997). A “material” misrepresentation is one which would “naturally influence the judgment of an underwriter in making the contract at all, or in estimating the degree and character of the risk, or in fixing the rate of the premium.” Employers’ Liab. Assur. Corp. v. Vella, 366 Mass. 651, 655 (1975), quoting from Daniels v. Hudson River Fire Ins. Co., 66 Mass. 416, 12 Cush. 416, 425 (1853). See also Barnstable County Ins. Co. v. Gale, 425 Mass. 126, 128 (1997). Both the insurance application completed and signed by John Keefe on behalf of the plaintiff herein and the insurance policy issued by the defendant unambiguously provided that the defendant could refuse payment of claims for optional insurance benefits if the insured, or someone on her behalf, gave false or deceptive information which increased the defendant’s risk of loss. The insurance application stated, in relevant part;
If you or someone on your behalf gives us false, deceptive, misleading or incomplete information in this application and if such false, deceptive, misleading or incomplete information increases our risk of loss, we may refuse to pay claims under any or all of the Optional Insurance Parts and we may cancel your policy. Such information includes the description or the place of garaging of the vehicle to be insured and the names of the operators required to be listed and the answers given above for all listed operators [emphasis supplied].
Similarly, General Provision 18 of the insurance policy, as rewritten by Massachusetts Mandatory Endorsement M-0099-S (Ed. 1-91), provided:
If you or someone on your behalf gives us false, deceptive, misleading or incomplete information in any application and if such false, deceptive, misleading or incomplete information increases our risk of loss, we may refuse to pay claims under any or all of the Optional Insurance Parts of this policy. Such information includes the description and the place of garaging of the vehicles to be insured, the names of operators required to be listed and the answers given for all listed operators.
John Keefe’s false statement that he had a Massachusetts driver’s license was sufficient in and of itself to permit the defendant to deny the plaintiffs claim pursuant to the parties’ contract of insurance.4 Contrary to the plaintiffs contention, there was sufficient; unrebutted evidence that John Keefe falsely listed himself on the insurance application *195as having Massachusetts license No. 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 when, in feet, he possessed neither that license, nor any driver’s license issued in this Commonwealth. Keefe admitted in his examination under oath that he was unlicensed and that he had misrepresented that critical fact on the insurance application. The trial judge’s allowance of defendant’s request for finding of feet number 16 indicates that the court found that Keefe had made a material misrepresentation which increased the defendants risk of loss, thereby permitting the defendant to deny the plaintiffs claim. The record supports the courts finding.
The question of whether a misrepresentation is material and increases an insurer’s risk of loss is ordinarily a question of fact. Pahigian v. Manufacturers’ Life Ins. Co., 349 Mass. 78, 85 (1965); Ayers v. Massachusetts Blue Cross, Inc., 4 Mass. App. Ct. 530, 536 (1976). Where the facts are undisputed, however, certain misrepresentations increase the risk of loss as a matter of law. Hanover Ins. Co. v. Leeds, supra at 57 and cases cited. The present case falls within the latter rule. Given evidence of Keefe’s own admission, there was no genuine dispute at trial that Keefe had misrepresented himself as a licensed driver. Further, no reasonable conclusion could be drawn that Keefe’s misrepresentation was not material, as the defendant’s decision even to issue a motor vehicle insurance policy to the plaintiff would obviously have been affected by information that the vehicle was to be operated almost exclusively, and illegally, by an unlicensed driver. Finally, the degree and character of an insurer’s risk of loss on motor vehicle insurance policies could only be increased by the illegal operation of an insured vehicle by an unlicensed driver.
The purpose of licensing operators of automobiles is to make it reasonably certain that the licensee is qualified for the task and a proper person to be licensed ... Negligent operation of an automobile endangering the safety of other travellers is likely to follow if an unlicensed person is given complete control of its operation.
Davis v. Walent, 16 Mass. App. Ct. 83, 88, quoting from Gordon v. Bedard, 265 Mass. 408, 412 (1929). See also Leone v. Duran, 363 Mass. 1, 11 (1973).
3. There was no reversible error in the trial court’s denial of the plaintiffs eleven requests for rulings of law. Requests numbers 1 and 2 sought findings of feet to which a party is not entitled upon simple request in a nonjury proceeding. Mass. R Civ. P., Rule 52(c). See also Ashapa v. Reed, 280 Mass. 514, 516 (1932). Requests numbers 3, 5, 6, 7, 8, 9 and 10 set forth accurate propositions of law which were immaterial to the evidence or dispositive issues in this case. Request for ruling number 45 was properly denied as a misstatement of controlling law. Pursuant to G.L.c. 175, §86, the insurer is not required to establish that a material misrepresentation was made with actual intent to deceive if, as in this case, such misrepresentation increases the insurer’s risk of loss. Finally, request for ruling number 11 should have been allowed as a correct proposition of law.6 Any error in the courtis denial of request number 11 was, however, harmless. While an increased risk of loss is ordinarily a question of feet, the evidence in this case permitted a finding as a matter of law on this issue.
Accordingly, the trial court’s judgment for the defendant is affirmed. The plaintiff’s appeal is dismissed.

 A second complaint count for the defendant’s alleged unfair and deceptive practices in violation of G.L.c. 93A was voluntarily dismissed at the time of trial.

 The trial court overruled the plaintiff’s objection to Hannigan’s testimony that his search of Registry records disclosed that John Keefe had no license. The plaintiff did not object, however, to Hannigan’s subsequent testimony as to John Keefe’s admission that he had no license and had misrepresented the same on the insurance application. See generally, as to the admissibility of vicarious admissions against interest, Ruszcyk v. Secretary of Public Safety, 401 Mass. 418, 420-423 (1988); Herson v. New Boston Garden Corp., 40 Mass. App. Ct. 779, 790-791 (1996). Thus Hannigan’s initial testimony was merely cumulative of other evidence on the question of John Keefe’s lack of a license, and any error in the court’s admission of the same was thus harmless. See Commonwealth v. DeWolfe, 389 Mass. 120, 124 n. 3 (1983); Fall River Savings Bank v. Callahan, 18 Mass. App. Ct. 76, 84 (1984).

 Section 186 provides that “no oral or written representation or warranty made in the negotiation of the policy of insurance by an insured or on his behalf shall be deemed material or defeat or avoid the policy or prevent its attaching unless such misrepresentation or warranty is made with actual intent to deceive, or unless the matter misrepresented or made a warranty increases the risk of loss.”

 Contrary to the defendant’s assertions, the plaintiff’s insurance application did not misrepresent the “principal place of garaging” of the vehicle in question. The evidence at trial was undisputed that the automobile was kept in Wilmington at the Lake Street premises owned by plaintiff Mary Keefe and leased by her brother, John. Second, while the insurance application falsely listed the plaintiff’s address as being the same as the principal place of garaging in Wilmington, the defendant failed to introduce any evidence indicating that this misrepresentation increased its risk of loss.

 “4. In action upon insurance policy, in which insurer relies upon misrepresentation of insured to defeat policy, insurer has burden of proving the answers in application were false, and were made with actual intent to deceive.”

 “ 11. Burden of proof is on insurer to show an increase of risk of loss by reason of insured’s misrepresentations, and ordinarily this question is one of fact.”