CITIZENS BANK OF MASSACHUSETTS *vs.* MICHAEL L. TRAVERS.

No. 06-P-1429.

Suffolk. March 20, 2007. - May 29, 2007.

Present: KAFKER, DREBEN, & MEADE, JJ.

*Attorney at Law,* Compensation. *Damages,* Attorney's fees. *Negotiable Instruments,* Note.

This court remanded to the Boston Municipal Court an action to enforce the terms of a note for a determination whether the attorney's fees requested were reasonable and should be awarded, where the trial judge had made no findings explaining his decision to award an amount of attorney's fees that appeared unreasonably low. [175-177]

CIVIL ACTION commenced in the Boston Municipal Court Department on May 6, 2005.

The case was heard by *John T. Lu,* J.

*Rita Kraner* for the plaintiff.

DREBEN, J. The plaintiff bank brought this action to enforce the terms of a note. The defendant was defaulted and, after a hearing, the bank obtained a judgment for the amount it claimed was due under the note — $11,057.29. Although, pursuant to the terms of the note, the bank had also requested attorney's fees and submitted an affidavit of counsel seeking such fees and costs of $4,200, an amount not contested by the defendant, a judge of the Boston Municipal Court, without explanation, awarded only $300 in attorney's fees. On the bank's appeal of the attorney's fee award, the Appellate Division affirmed, stating that the issue of reasonable compensation for legal services is a question involving discretionary judgment for the trial judge. The Appellate Division also noted that the issues and proceedings were "straightforward and few." We reverse and remand the matter to the trial judge.

The note, entitled "Commercial Line Note," was in the amount of $30,000 and permitted the defendant, Michael L. Travers, do-

ing business as Lenox Artisans Gallery, to obtain advances under certain conditions. The provisions of the note were drawn entirely in the bank's favor. For example, the note provided, inter alia:

> "Lender may demand payment in full under this Note at any time, in its sole discretion and without cause. . . . The Borrower waives the rights of demand, protest, notice . . . and all other demands and notices of any description. . . . The Lender shall not be deemed to have waived any of its rights . . . unless such waiver is in writing and signed by the Lender. . . . Lender shall be entitled to assign some or all of its rights . . . without notice to or consent of Borrower."

The note also contained a provision entitled "Collection Expenses," which provided:

> "The Borrower agrees to pay all actual costs of collection and attempted collection, including, without limitation: (1) those expenses incurred or paid to protect, preserve, collect, lease, sell, repair, improve, advertise, locate, take possession of, liquidate or otherwise deal with any Collateral for this Note, (2) expenses of dealing with any person or entity in any bankruptcy proceeding, (3) all out-of-pocket expenses incurred by the Lender for the Lender's attorney and paralegal fees, disbursements, and costs, all at such rates and with respect to such services as the Lender in its sole discretion may elect to pay (as such rates may vary from time to time during the course of the performance of such services) including the costs of attorneys who are employees of the Lender, and (4) the costs of appraisers, engineers, investment bankers, environmental consultants and other experts that may be retained by the Lender in connection with such collection efforts. Such costs will be added to the unpaid balance of the loan."

Relying on the provision which provides for payment of "all out-of-pocket expenses incurred by the Lender," on the case of *Carter* v. *Warren Five Cents Sav. Bank*, 409 Mass. 73 (1991), and on the fact that the defendant did not contest the amount of the attorney's fees requested, the bank argues that the trial judge erred in failing to enforce the note according to its terms. The

bank, however, wisely includes the following statement in its brief:

> "The Bank is not seeking a determination that it is entitled to its contractual legal fees even if they were unreasonable. The Bank merely seeks to overturn the award of [an] unreasonable amount of attorneys' fees awarded by the Trial Court."

That the bank's submission as to fees was not contradicted by the defendant is not dispositive. Whether the bank has to show that its request is reasonable or whether, as it claims, it merely has to defend the request as being not unreasonable, the judge must "exercise[] independent judgment." *Stowe* v. *Bologna*, 417 Mass. 199, 204 (1994). See *WHTR Real Estate Ltd. Partnership* v. *Venture Distrib., Inc.*, 63 Mass. App. Ct. 229, 237 (2005).

The more difficult question is whether the bank must show that the fees are reasonable or has the lesser burden referred to in *Carter* v. *Warren Five Cents Sav. Bank*, 409 Mass. at 80. The contract in that case provided that the defendant would pay "[a]ny legal expenses incurred by [Carter] in enforcing his rights." *Ibid.* In remanding, because, as here, the trial judge had reduced the fee without explanation, the court pointed out that the "agreement was to pay attorney's fees Carter incurred in pursuing his rights. The agreement was not to pay Carter's reasonable attorney's fees as determined by a judge." *Ibid.* The court noted that on remand the defendant, inter alia, could challenge the amount "on the ground that the charges were above the highest level of a reasonable fee for those services." *Ibid.*

We do not, however, think the *Carter* case governs the case at bar. In *Carter*, the contract was a separation agreement providing for handsome benefits to Carter. It was "entered into to benefit the [defendant], by encouraging a key executive to stay in its employ in the face of the uncertain consequences of a possible merger of the employer-bank into another entity." *Id.* at 76. The defendant bank proposed an agreement (containing the attorney's fee clause) "which Carter (who had no hand in the formulation of the agreement) accepted." *Id.* at 80.

*Carter* was an exceptional situation in which the defendant inserted provisions favorable to the executive in order to induce

him to continue his employment with the defendant. In contrast, here the note was a contract of adhesion, drawn as we have seen from the few provisions described above entirely in the bank's favor. In these circumstances, we consider it appropriate to follow the more usual rule as expressed in *Trustees of Tufts College* v. *Ramsdell*, 28 Mass. App. Ct. 584, 585 (1990). In that case, a note obligated the student to repay the loan "together with all attorneys' fees and other costs and charges for the collection of any amount not paid when due according to the terms of th[e] note[.]" Tufts argued that under Federal law it was entitled, consistent with the terms of the note, to recover the amount it paid in legal fees. This court found no Federal preemption of State law and stated: "Under Massachusetts law, a borrower may be liable for attorney's fees if the note expressly provides for them, but they are limited to an amount that is found to be fair and reasonable." *Ibid.* See *First Natl. Bank* v. *Brink*, 372 Mass. 257, 263-264 (1977).

Because the judge made no findings explaining his decision, and because the amount awarded appears unreasonably low, the matter must be remanded to the Boston Municipal Court[1] to determine whether the fees requested were reasonable and should be awarded. If not, the judge should explain why, and if consistent with his or her rationale, the judge should then determine a reasonable fee in accordance with the standards set forth in our cases. See *Cummings* v. *National Shawmut Bank*, 284 Mass. 563, 569 (1933); *First Natl. Bank* v. *Brink*, 372 Mass. at 265-267; *Mulhern* v. *Roach*, 398 Mass. 18, 24 (1986).

The decision and order of the Appellate Division is reversed and a new order shall enter vacating the attorney's fee award and remanding the matter to the Boston Municipal Court for further proceedings consistent with this opinion.[2]

*So ordered.*

---

[1]We note the trial judge is now a judge of the Superior Court.

[2]The bank has requested in its brief an award of appellate attorney's fees and costs in connection with this appeal. Accordingly, the bank may file a petition for reasonable attorney's fees and costs in accordance with the procedure set forth in *Fabre* v. *Walton*, 441 Mass. 9, 10-11 (2004).