Brennan, J.
Judgment was entered for the Trustees of the Watermill Place Condominium Trust (“Trustees”) on their claim pursuant to G.L.c. 183A §6 and G.L.c. 254, §§5, 5A to estabhsh and enforce a statutory lien on a condominium unit owned by Antoinette A. Assad (“Assad”) .[3] The Trustees have appealed the amount of damages, attorney’s fees and costs awarded to them by the trial court.
The Trustees filed their complaint on January 31, 2003 against Assad, the then record title owner of Unit 526 of the Watermill Place Condominium in Arlington, Massachusetts. After a long and somewhat tortured three years of litigation, the Trustees’ motion for summary judgment as to liability was allowed on March 7, 2006. On May 8, 2006, a bench trial was held on the sole issue of damages. The Trustees claimed that they were owed $20,435.54 in unpaid condominium fees, $1,455.00 in late fees, and $17,974.16 in legal fees. Stevens contended that she had made repeated attempts to pay the balance of the condominium fees in full, that she ultimately overpaid those fees, and that the Trustees had acted in bad faith by thwarting the efforts of Assad’s guardian and then her estate to pay the outstanding condominium fee balance while continuing to add late charges and run up unnecessary legal bills. The trial court denied the Trustees’ request number 20, which sought a ruling that “[t]he attorneys’ fees incurred by the plaintiffs in this action were reasonable,” and, based on “the credible evidence presented,” awarded the Trustees only $1.00 in damages and $190.00 in attorney’s fees. This appeal by the Trustees followed.
1. The Trustees first allege that the trial court’s award of $1.00 in damages was error. Generally, the amount of damages to be awarded is an issue of fact for the trial judge whose determination will not be disturbed on appeal in the absence of an abuse of discretion amounting to an error of law. Bartley v. Phillips, 317 Mass. 35, 43 (1944); Powers v. H.B. Smith Co., 42 Mass. App. Ct. 657, 665 (1997). It may be inferred from the entry of summary judgment in favor of the Trustees on the question of liability that the trial judge ultimately rejected Stevens’ contention that she had made full payment of the condominium fee balance, and concluded that at least some money was owed to the Trustees. In determining the amount owed, the trial judge was certainly not obligated to accept fully the testimony and documentary evidence advanced by the Trustees, Calderone v. Wright, 360 Mass. 174, 176 (1971); Bernhard v. Murphy, 2005 Mass. App. Div. 70, 71, and could have, in a *122 proper exercise of his discretion, assessed fair and reasonable damages in an amount well short of that sought by the Trustees. See Powers, supra at 667; Casillo v. Worcester Area Transp. Co., 2001 Mass. App. Div. 113, 116.
The evidence did not, however, permit a finding that $1.00 constituted reasonable damages in this case. While the court’s award appears to be a not too subtle, but entirely understandable, reflection of the trial judge’s view of both the Trustees’ conduct with respect to Assad and her estate and their approach to this litigation, the record before us compels the conclusion that a new assessment of damages is required. See generally Anzalone v. Strand, 14 Mass. App. Ct. 45, 47 (1982); Celebrity Bldrs., Inc. v. Fernandes, 2005 Mass. App. Div. 166, 168.
2. Given its Rule 56 determination of Stevens’ liability, the trial court was required to award attorney’s fees to the Trustees. G.L.c. 183A, §6(a)(ii). The $190.00 award made by the trial judge, however, was the equivalent of a fee for only one hour of legal work. ‘The amount of a reasonable attorney’s fee, awarded on the basis of statutory authority... is largely discretionary with the judge, who is in the best position to determine how much time was reasonably spent on a case, and the fair value of the attorney’s services.” Moon v. Trust Ins. Co., 2000 Mass. App. Div. 89, 93, quoting Fontaine v. Ebtec Corp., 415 Mass. 309, 324 (1993). That discretion is not limitless. The Trustees’ billing records admitted into evidence indicate that in addition to perhaps questionable legal fees charged by the Trustees’ counsel prior to the commencement of this suit, additional fees were incurred for work that included performing a title examination, filing the complaint, drafting various motions that were allowed by the court, and making numerous court appearances. If the trial judge determined that this was an essentially frivolous action, or that it otherwise reasonably required only one hour of legal work, specific findings of fact should have been made. Carter v. Warren Five Cents Sav. Bank, 409 Mass. 73, 75 (1991). The Appeals Court recently held, in similar circumstances, that ‘‘[bjecause the judge made no findings explaining his decision, and because the amount awarded appears unreasonably low, the matter must be remanded ... to determine whether the fees requested were reasonable and should be awarded. If not, the judge should explain why, and if consistent with his or her rationale, the judge should then determine a reasonable fee in accordance with the standards set forth in our cases.” Citizens Bank of Mass. v. Travers, 69 Mass. App. Ct. 174, 177 (2007). Based on the record before us, attorney’s fees of $190.00 appear to be unreasonably low, at least without explanation by the trial judge.
Accordingly, the judgment for the Trustees is vacated, and this case is returned to the trial judge for further proceedings consistent with this Opinion.
So ordered.

 Assad died during the course of this litigation, and Anita Stevens (“Stevens”), Administratrix of the Assad Estate, was substituted as the defendant.