Williams, P.J.
The parties’ cross appeals present the issues of whether the judge in the jury-waived trial of this action erred in denying the motion of the defendant, Robert J. Langone (“Langone”), to dismiss the action on the basis of a previous dismissal of a case between the parties, and of whether the judge erred in awarding the prevailing plaintiff, Rockland Trust Company (“Rockland”), attorney’s fees in the amount of $15,000.00 instead of the $58,000.00 it had sought. As there was no error in the denial of Langone’s motion to dismiss, we dismiss that appeal. Further, there was no abuse of discretion in the judge’s award of attorney’s fees. While the judge erroneously denied several of Rockland’s requests for rulings, that error was harmless. Thus, the judgment in favor of Rockland in the amount determined by the trial judge is affirmed, and we allow its request for appellate attorney’s fees.
Rockland filed this action in 2003 against Langone as a personal guarantor of two promissory notes obligating Aunyx Corporation (“Aunyx”), now defunct, to repay money borrowed from Rockland. The action resembled a suit by Rockland in 1991 against Aunyx and Langone, who had been a principal of Aunyx. In 1993, the 1991 case was, according to the trial court docket, “dismissed by agree [sic].”[2] The parties filed neither a stipulation of dismissal pursuant to Mass. R. Civ. P., Rule 41 (a) (1), nor an agreement for judgment in the 1991 action.[3] In his answer in this action, Langone raised the issue that the 1993 dismissal was a bar to this 2003 action against him. He filed no motions testing that defense. Three years later, after considerable discovery, Langone raised the issue again at the end of trial in Mass. R. Civ. P., Rule 64A requests for rulings of law.
After trial, the judge decided that the 1993 dismissal was a voluntary dismissal under Mass. R. Civ. R, Rule 41(a) (2) that was entered “without prejudice” and thus did not bar this 2003 action. The judge found that Langone owed Rockland $43,061.53, plus interest and attorney’s fees. Judgment was entered for Rockland *158 in the amount of $63,827.79.
1. Langone’s best argument as to why the 1993 “dismissal by agreement” should have precluded this 2003 action is that because the parties filed no agreement for judgment or stipulation of dismissal in 1993, the 1993 dismissal operated as an “adjudication upon the merits” under Rule 41(b) (3). See Grigg v. Trustees of Allandole Condo. Trust, 2006 Mass. App. Div. 177, 178, quoting Boyd v. Jamaica Plain Co-op. Bank, 7 Mass. App. Ct. 153, 157 n.8 (1979) (“[Djismissal ‘with prejudice’ constitutes an adjudication on the merits as fully and completely as if the order had been entered after trial”). Rule 41 (b) (3) provides that “any dismissal not provided for in this rule ... operates as an adjudication upon the merits.” The 1993 dismissal, Langone argues, is one “not provided for” in the rule because the parties filed neither an agreement for judgment, nor a stipulation of dismissal. Thus, the parties’ agreeing, presumably orally, to a dismissal “operatejdj as” an adjudication on the merits that, Langone argues, bars this 2003 action.[4]
While we appreciate the initial attraction of Langone’s reading of Rule 41(b) (3), we cannot agree with it. In Morgan v. Evans, 39 Mass. App. Ct. 465, 469 (1995), the Appeals Court rejected a similar contention that a prior dismissal brought about by a report of settlement had been involuntary and, thus, was controlled by Rule 41 (b) (3). But, as in Morgan, Langone has cited no decision holding that dismissals of the kind presented here are governed by Rule 41(b) (3). Id. Morgan held that the language in Rule 41(b) (3) on which Langone relies “has been interpreted as referring to those dismissals that are ordered for violations of a court rule or order.” Id., citing J.W. Smith & H.B. Zobel, Rules Practice §41.11 (1977); 9 L.A. Wright & A.R. Miller, Federal Practice & Procedure §2373, at 400 (1995). The 1993 dismissal in this case was not such a dismissal; it was one reached by agreement. Langone would distinguish Morgan because there the familiar “60-day order” entered when the action was reported settled. Morgan, supra, at 467-468, 469 & n.10. The Appeals Court thus inferred that the settlement report came either from the plaintiffs alone, or from both parties. Id. at 469. It held that, in either event, as the dismissal was “at the plaintiff’s instance” (as required in Rule 41(a)(2)), it was a voluntary dismissal. Id. By contrast, Langone suggests that here no one reported that the 1991 action had been settled, and nothing else in the record indicates that the action had been dismissed “at the plaintiff’s instance.” Thus, Langone submits, Rule 41 (a) (2) cannot apply, which leaves as the only alternative an involuntary dismissal under Rule 41(b) (3). We disagree. It is difficult to conceive how a case dismissed “by agreement” can be characterized as an involuntary dismissal.
The essence of Morgan is its inference that the reported settlement there originated either from the plaintiffs, or from both parties. The only reasonable inference here is similar — the parties “agreed” to the dismissal of the 1991 action. “A dismissal without plaintiff’s assent... can, under certain circumstances, terminate *159 the litigation permanently.” Smith & Zobel, supra at §41.11, at 61 (1993 & Supp. 2007). But here Rockland clearly assented to the dismissal in 1993. This case in that respect is not distinguishable from Morgan. The result here is not changed by the judge’s uncertainty as to the terms of “the agreement... that resulted in that dismissal.”
As Morgan noted, once a dismissal is deemed to be one governed by Rule 41(a) (2), we must still determine whether the dismissal was with, or without, prejudice. Morgan, supra at 469. The Rule itself supplies the answer: “[Ujnless otherwise specified in the order, a dismissal under this paragraph is without prejudice.” And as Morgan makes clear, “[a] voluntary dismissal without prejudice leaves the situation as if the action had never been filed.” Id. at 470, quoting Wright & Miller, supra §2367, at 321.
The judge did not err, therefore, in holding that the 1993 dismissal by agreement was one voluntarily made, that it was made without prejudice, and that it did not preclude the prosecution of the 2003 claim. Langone’s appeal is dismissed.
2. We turn to Rockland’s appeal on the attorney’s fee issue. Rockland argues that the judge erred in awarding $15,000.00 in fees when it had paid approximately $58,000.00 in legal fees and was entitled to that total from Langone as long as it did not exceed the upper end of reasonableness for the legal services rendered. Rock-land relies on Carters. Warren Five Cents Sav. Bank, 409 Mass. 73 (1991), for its assertion that a party may contractually obligate himself to pay another party’s attorney’s fees incurred in asserting rights under the agreement, and that, in such a case, a judge’s determination of “reasonable” attorney’s fees improperly substitutes a different standard than that to which the parties agreed. Id. at 80. See also Penney v. First Nat’l Bank of Boston, 385 Mass. 715, 723 (1982). Carter holds that the party from whom the fees are sought may not generally contest the “reasonableness” of the fees claimed. That party may dispute the fees claimed on only two grounds: that they were not incurred in enforcing the fee claimant’s rights in the matter, or that they “were above the highest level of a reasonable fee for those services.” Carter, supra at 80. Under the Carter analysis, Rockland would not have had to show that its fee request was reasonable, but would have borne the “lesser burden” of “merely halving] to defend the request as being not unreasonable.” Citizens Bank of Mass. v. Travers, 69 Mass. App. Ct. 174, 176 (2007).
As the Appeals Court pointed out in Citizens Bank of Mass., however, Carter represented “an exceptional situation” involving “a separation agreement providing for handsome benefits” to “a key executive to stay in [the bank’s] employ.” Id. at 176. But the subject of Citizens Bank of Mass. — a case, like this one, to enforce the terms of a promissory note — was “a contract of adhesion, drawn... entirely in the bank’s favor.” Id. at 177. The Citizens Bank of Mass. Court “consider [ed] it more appropriate to follow the more usual rule as expressed in Trustees of Tufts College v. Ramsdell, 28 Mass. App. Ct. 584, 585 (1990).” Id. In that student-loan decision, the Appeals Court held that “a borrower may be liable for attorney’s fees if the note expressly provides for them, but they are limited to an amount that is found to be fair and reasonable.” Id., quoting Tufts Coll., supra at 585, and citing First Nat’l Bank v. Brink, 372 Mass. 257, 263-264 (1977).
This case more closely resembles Citizens Bank of Mass, than it does Carter. We conclude that Carter does not govern here, and that the general “reasonableness” standard is applicable. We review the judge’s award of attorney’s fees for abuse of discretion, e.g., WHTR Real Estate Ltd. P’ship v. Venture Distrib., Inc., 63 Mass. App. Ct. 229, 235 (2005), and we reverse an award only if it is clearly erroneous. Id. The party seeking attorney’s fees bears the burden of demonstrating that the amount sought is reasonable. Id., citing, inter alia, Stowe v. Bologna, 417 Mass. 199, 204 (1994) (plaintiffs required to convince judge that request for attorney’s *160 fees reasonable, even when submissions uncontroverted). Judges faced with requests for attorney’s fees must “exercise [] independent judgment.” Citizens Bank of Mass., supra at 176, citing Stowe, supra at 204. Indeed, “[generally, a judge and particularly the trial judge can, from the judge’s own experience, determine an award of legal fees; there is no requirement for an evidentiary hearing.” Borne v. Haverhill Golf & Country Club, Inc., 58 Mass. App. Ct. 306, 325 (2003) and cases cited. Clearly, a judge could, “in a proper exercise of his discretion, assess [] fair and reasonable damages in an amount well short of that sought.” Trustees of Watermill Place Condo. Trust v. Stevens, 2007 Mass. App. Div. 121. We do not see as “unreasonably low,” Citizens Bank of Mass., supra at 177; Trustees of Watermill Place Condo. Trust, supra at 122, the award of $15,000.00, and are unconvinced that the judge abused his discretion in arriving at that figure.
Rockwell also argues that the judge erred in failing to conduct an evidentiary hearing. Although a party seeking attorney’s fees might well be entitled to a hearing upon request, Manganaro Drywall, Inc. v. White Constr. Co., 372 Mass. 661, 666 (1977); R.W. Granger & Sons, Inc. v. J & S Insulation, 61 Mass. App. Ct. 92, 103 (2004); Borne, supra at 325; Connolly Accuchem Corp. v. Eclectic Foods, Inc., 2001 Mass. App. Div. 205, 206, the record before us contains no such request. Further, Rockland’s argument on this issue is undeveloped in its brief. See Cameron v. Carelli, 39 Mass. App. Ct. 81, 85-86 (1995) and cases cited. See also Mammoet USA, Inc. v. Entergy Nuclear Generation Co., 64 Mass. App. Ct. 37, 48-49 (2005) (conclusory appellate arguments unworthy of extended discussion).
Rockland contends that the judge should have ruled on its requests for rulings of law, correctly pointing out that judicial inaction on requests is treated as a denial of the requests. Zimbovsky v. Tokar, 2005 Mass. App. Div. 100, 102, citing, inter alia, Saab v. Norton Family, Inc., 2000 Mass. App. Div. 200, 202. Although Rock-land prevailed, it argues that the judgment in its favor did not incorporate a favorable disposition of all of its claims, notably those for damages. When the damages awarded are less than those sought, the trial judge must rule upon requests for rulings of law relevant to claims for damages. Locke v. Austin, 1999 Mass. App. Div. 257, 259, citing DiPerrio v. Town of Holden, 341 Mass. 342, 343 (1960). See also Fedorowicz v. Shaw’s Supermarkets, Inc., 1998 Mass. App. Div. 160 n.2. But none of Rockland’s requests expressly addressed the attorney’s-fee provision of the guaranty — Rockland’s sole appellate issue — or, indeed, any element of claimed damages.[5] Rather, they sought broad rulings to the effect that the terms of the *161 guaranty strictly bound Langone and governed his liability. Indeed, they reflected the most basic tenets of contract law as applied to guaranties, and the trial judge patently applied those principles in finding for Rockland. Although it is true that “[t]he requests... stated... well established rules, which we have little doubt were in mind and applied by the judge ... [and that Rockland] was entitled to know that such was the case,” DiPerrio, supra at 343, the dispositive issues are whether the denial of the requests may be sustained, Zimbovsky, supra, at 102, and, beyond that, whether Rockland’s rights were so prejudiced as to require reversal or a new trial, or whether the denials constituted harmless error. Manchester Supply Co. v. Appell, 1990 Mass. App. Div. 204, 205. See Keefe v. John Hancock Prop. & Cas. Ins. Co., 1997 Mass. App. Div. 192, 195. Although we find that the judge erred in denying the requests, Locke, supra at 259, we find that the denials were harmless in the circumstances presented here.
Finally, Rockland has timely sought appellate attorney’s fees by requesting them in its brief. GML Corp. v. Massey, 2007 Mass. App. Div. 143, 147. See Beal Bank, SSB v. Eurich, 448 Mass. 9, 12 (2006); Widett & Widett v. Snyder, 392 Mass. 778, 787 (1984) (appellate fees awarded in connection with debtor’s obligation to pay costs of collection of note). Within ten days of this decision, Rockland may submit to the Appellate Division its petition for fees, together with the familiar requisite supporting materials. Langone may file his opposition to Rockland’s request within ten days from the date of service of Rockland’s submittal.
Appeals dismissed.
So ordered.

 Rockland and Langone concur that “agree” signified “agreement.”

 Nowhere in the Dist./Mun. Cts. R. A. D. A., Rule 8A, records before us is there any recitation of the purported circumstances of the 1993 dismissal other than in requests for findings of fact. The trial judge was not obligated to address any requests for findings of fact, Mass. R. Civ. P., Rule 52(c); Bottone v. DeFreitas, 2006 Mass. App. Div. 57, 58, and declined to do so. The judge did rule on each of Langone’s twelve requests for rulings of law, all but three of which concerned the 1993 dismissal. But Langone did not appeal the denial of any of those requests.

 “The doctrine of claim preclusion makes a valid, final judgment conclusive on the parties and their privies, and bars further litigation of all matters that were or should have been adjudicated in the action.” TLT Constr. Corp. v. A. Anthony Tappe & Assocs., Inc., 48 Mass. App. Ct. 1, 4 (1999), quoting Heacock v. Heacock, 402 Mass. 21, 23 (1988). Claim preclusion requires “(1) the identity or privity of the parties to the present and prior actions, (2) identity of the cause of action, and (3) prior final judgment on the merits.” Kobrin v. Board of Registration in Med., 444 Mass. 837, 843 (2005), quoting DaLuz v. Department of Corr., 434 Mass. 40, 45 (2001). See also Bernier v. Bernier, 449 Mass. 774, 797 (2007) (claim preclusion necessitates showing that “claim was actually and necessarily decided in a prior action or that there was a full and fair opportunity to have done so that was not taken”); Rogers v. Pomeroy, 2004 Mass. App. Div. 176, 179 & n.6.

 The requests were:
1. In the absence of statutory restrictions, the rights of the parties under a commercial agreement are governed by the terms of that agreement. Mechanics National Bank of Worcester v. Killeen, 377 Mass. 100, 108 (1977).
5. A Guarantor’s liability is ascertained from the terms of the written contract. Merrimack Valley National Bank v. Baird, 372 Mass. 721, 723 (1977).
6. Instruments of Guaranty, like other contracts, are enforceable in accordance with their terms and the rights of the parties must be ascertained from the terms of the Guaranty. First National Bank of Boston v. Ibarra, 47 Mass. App. Ct. 660, 662 (1999).
7. A Guarantor is bound by the express terms of the Guaranty, including a waiver of the statute of limitations. Shawmut Bank v. Wayman, 34 Mass. App. Ct. 20, 22-23 (1993).