Uwa O. Lawrence *vs.* Peace Osuagwu & another.[1]

No. 00-P-1495.

Suffolk. October 9, 2002. - January 10, 2003.

Present: Cypher, Smith, & Grasso, JJ.

*Landlord and Tenant,* Consumer protection, Quiet enjoyment, Rent, Eviction, Extension of lease. *Statute,* Construction.

This court concluded that G. L. c. 239, § 8A, permitted a female tenant to defend against an action for possession by asserting counterclaims based on the landlord's having placed an unwanted male roommate in the premises, where the tenant's counterclaim for breach of the covenant of quiet enjoyment, although not related to the physical condition of the premises, was related to the tenant's occupancy and fit within the statutory language "for a violation of any other law." [62-64]

In an action by a landlord for possession of certain premises in which the tenant properly defended on the basis of the landlord's having placed an unwanted male roommate in the premises, the judge erred in basing the tenant's damages on a monthly rent of $725 but basing the landlord's damages on a monthly rent of $850 that had been proposed by the landlord under a new lease, where a provision in the lease that required lease payments beyond the lease terms established the continued lease payments ($725) as the correct damages. [64-65]

Summary process. Complaint filed in the Boston Division of the Housing Court Department on February 1, 1999.

The case was heard by *Jeffrey M. Winik,* J.

*Paul R. Collier, III,* for the defendants.

Cypher, J. This appeal by a tenant, Peace Osuagwu, presents two questions. First, whether G. L. c. 239, § 8A, permits a female tenant to defend against an action for possession by asserting counterclaims[2] based on the landlord's placement of an unwanted male roommate in the premises, a breach of the

---

[1]Justina Ebhojiaye.

[2]In this case, breach of quiet enjoyment pursuant to G. L. c. 186, § 14, and unfair and deceptive trade practices pursuant to G. L. c. 93A.

covenant of quiet enjoyment not related to the physical condition of the apartment. Second, whether the judge erred in calculating the damages awarded to the landlord.

1. *Facts.* After a trial, the judge found the following facts. The landlord, Uwa O. Lawrence, owns a six-unit residential building in the Mattapan section of Boston.[3] In May, 1997, he rented a two-bedroom apartment to Justina Ebhojiaye and Sally Hui. In June, 1997, Osuagwu replaced Hui as Ebhojiaye's co-tenant subject to the terms of the lease. Osuagwu and Ebhojiaye signed a second lease, beginning on January 1, 1998, and ending on December 1, 1998. The monthly rent was $725.

On September 25, 1998, Lawrence sent the tenants a letter terminating their lease on December 1, 1998. He offered the tenants a new lease, beginning January 1, 1999, for $850 per month. The tenants paid $725 for rent in December without objection or other demand by Lawrence.

On January 7, 1999, Lawrence served the tenants with a fourteen day notice to quit for nonpayment of rent. On January 25, 1999, Lawrence served the tenants with the summary process summons and complaint, alleging nonpayment as the grounds for the eviction. The tenants filed an answer, denying any agreement to pay rent in the amount of the $850 per month.

The tenants continued to pay Lawrence $725 per month until Ebhojiaye vacated the apartment in April, 1999. Osuagwu told Lawrence that she needed to find a new roommate for financial reasons. Osuagwu continued to live in the apartment, but paid only $400 per month in May, June, and July.

On June 5, 1999, Osuagwu received a message from Lawrence stating that he had found her a new roommate — a male. Osuagwu telephoned Lawrence and told him that, for personal and religious reasons, she could not accept a man as her roommate.

Upon returning home that evening, Osuagwu found that a man already had moved into the second bedroom of the apartment. Osuagwu told the man that he would have to leave; he refused, stating he was the new tenant and that she would have to speak with the landlord.

---

[3]Lawrence did not file a brief and was not, therefore, permitted to argue.

Osuagwu called the police. Lawrence told the police that he had rented the apartment to the man and that the lease was in the man's name. Osuagwu explained that she occupied the apartment and that she had not agreed to accept the man as her roommate. The police told the landlord that the man had to leave. The man removed his belongings and vacated the apartment.

Lawrence proceeded with the eviction action filed pursuant to the fourteen day notice to quit for nonpayment of rent. In response, Osuagwu sought summary judgment for possession on the ground that, as matter of law, there had been no nonpayment of rent.

The Housing Court judge denied the motion and amended Lawrence's complaint to an action based on holdover after the expiration of the lease instead of an action for nonpayment of rent, thus making Osuagwu a tenant at sufferance. No amended pleadings were filed.

After trial, the judge found that Lawrence had committed a breach of the covenant of quiet enjoyment by moving the male roommate into the apartment, and had violated the consumer protection act, G. L. c. 93A and 940 Code Mass. Regs. § 3.17(4)(b), (k) (1993), by failing to pay the tenant annual interest on her last month's rent deposit. The judge also found that Lawrence was entitled to the fair market rent from the date of the expiration of the lease.

For the breach of the covenant of quiet enjoyment, the judge awarded $2,175 in damages to Osuagwu, as required by G. L. c. 186, § 14 (three months' rent at a monthly rate of $725), plus costs and attorney's fees. For violation of the consumer protection statute, G. L. c. 93A, the judge awarded $67.70 in damages to Osuagwu, plus costs and attorney's fees. The judge awarded $850 per month, from January, 1999, through July, 1999, to Lawrence for rent under G. L. c. 186, § 3. The judge awarded possession of the premises to the landlord and ordered that the damages awarded to Osuagwu be set off against the amount awarded to Lawrence.

2. *Discussion.* a. *G. L. c. 239, § 8A.* General Laws c. 239, § 8A, first par., as amended by St. 1979, c. 198, § 1, provides, in relevant part, that:

"In any action under this chapter to recover possession of any premises rented or leased for dwelling purposes, brought pursuant to a notice to quit for nonpayment of rent, or where the tenancy has been terminated without fault of the tenant or occupant, the tenant or occupant shall be entitled to raise, by defense or counterclaim, any claim against the plaintiff relating to or arising out of such property, rental, tenancy, or occupancy for breach of warranty, for a breach of any material provision of the rental agreement, or for a violation of any other law."[4]

Notwithstanding such expansive language, the judge concluded that the counterclaims on which Osuagwu prevailed did not afford an affirmative defense to possession. We disagree.[5] Osuagwu prevailed on her counterclaims for breach of the covenant of quiet enjoyment under G. L. c. 186, § 14, and unfair and deceptive trade practices pursuant to G. L. c. 93A. At the least, the counterclaim for breach of the covenant of quiet enjoyment was related to Osuagwu's occupancy and fit within the statutory language "or other violation of law."

Osuagwu was, therefore, entitled to possession because her damages exceeded those recovered by Lawrence. A statute is to be construed as written, in keeping with its plain meaning so as to give some effect to each word. *Stop & Shop Supermarket Co. v. Urstadt Biddle Properties, Inc.*, 433 Mass. 285, 289 (2001). The plain language of paragraph five of the statute provides, in relevant part, that:

"There shall be no recovery of possession under this chapter if the amount found by the court to be due the landlord equals or is less than the amount found to be due the tenant or occupant by reason of any counterclaim or defense under this section. If the amount found to be due the landlord exceeds the amount found to be due the tenant or occupant, there shall be no recovery of possession if

[4]We held in *Hodge* v. *Klug*, 33 Mass. App. Ct. 746, 754 (1992), that the defenses and counterclaims described in G. L. c. 239, § 8A, are available to a tenant at sufferance.

[5]It appears that the issue of possession as to Osuagwu has become moot. Nevertheless, because the issue is capable of repetition and is of public interest, we consider the substantive issue presented. See *Grace* v. *Brookline*, 379 Mass. 43, 48 n.11 (1979).

the tenant or occupant, within one week after having received written notice from the court of the balance due, pays to the clerk the balance due the landlord." G. L. c. 239, § 8A, fifth par., as amended by St. 1981, c. 133.

The language states "by reason of *any* counterclaim or defense under [G. L. c. 239, § 8A]." *Ibid.* (emphasis added). The statute does not limit the possible counterclaims to those relating to the physical condition of the premises.[6] The eviction, upon the court's amendment, was "without fault of the tenant" and the amount found to be due to the landlord was less than the amount found to be due the tenant; therefore, Osuagwu's counterclaims afforded an effective defense to Lawrence's claim for possession.

b. *Damages.* The tenant claims that the judge erred when he based the tenant's damages on a monthly rent of $725 but based the landlord's damages on a monthly rent of $850. The tenant is correct. Here, the lease signed by Osuagwu contained the following provision:

> "during the term of this Lease and for such other and further period as the said Lessee shall occupy the said premises, all of the terms, covenants and conditions contained herein shall remain in full force and effect."

Where there is a provision in the lease requiring lease payments beyond the lease terms, the continued lease payments are the correct damages. *Kobayashi* v. *Orion Ventures, Inc.*, 42 Mass. App. Ct. 492, 502 (1997). See also *Swift* v. *Boyd*, 202 Mass. 26, 28 (1909) (in absence of agreement, tenant at suffer-

---

[6]The statute has been amended several times with apparent care in regard to the particular language used. In 1977, the Legislature amended G. L. c. 239, § 8A. Specifically, in the first paragraph of the statute, the Legislature omitted "if such premises are in violation of the standards of fitness for human habitation," *id.*, as amended through St. 1974, c. 269, § 1, and substituted "any claim against the plaintiff . . . for breach of warranty, for a breach of any material provision of the rental agreement, or for a violation of any other law." *Id.*, as amended by St. 1977, c. 963. The omission from the statute of the language limiting defenses to those related to the physical condition of the premises is striking, especially in light of the sweeping language that was substituted. Cf. *Rodriquez* v. *Superintendent, Northeastern Correctional Center*, 24 Mass. App. Ct. 481, 484 (1987).

ance is liable for reasonable rent); *Mutual Paper Co.* v. *Hoague-Sprague Corp.*, 297 Mass. 294, 300 (1937) (provisions in a lease as to future rent are construed "somewhat strongly" against the lessor).

3. *Conclusion.* We are of the opinion that the defenses referenced in G. L. c. 239, § 8A, were available to Osuagwu even though those defenses may have been unrelated to the physical condition of the premises. We hold that the proper measure of damages for Lawrence was, in this case, the same measure used for determining Osuagwu's damages. Accordingly, Lawrence's damages, when recalculated, result in a reduction of the award to Lawrence from $1,850 ($850 times seven months' rent, less $4,100 [amount already paid by Osuagwu]) to $975 ($725 times seven months' rent, less $4,100). The present judgment therefore is to be modified to provide an award to Lawrence in the amount of $975. The judgment as so modified is affirmed.

*So ordered.*