Greco, PJ.
This is a Dist./Mun. Cts. R. A. D. A., Rule 8B, appeal by tenant Andre Pierre (“the tenant”), the defendant in this summary process action. According to the parties’ Rule 8B agreed statement of the case, Pierre rented an apartment in Somerville from plaintiff Alan Michel (“the landlord”) for $850.00 per month. The tenant filed, with his answer, counterclaims for breach of the implied warranty of habitability, interference with quiet enjoyment in violation of G.L.c. 186, §14, failure to pay interest on the last month’s rent in violation of G.L.c. 186, §15B, and violations of the Consumer Protection Act, G.L.c. 93A. At the time of trial, it was stipulated that the unpaid rent totaled $1,950.00.
After a jury-waived trial, the judge awarded the landlord possession and damages in the amount of $1,950.00. However, the judge also found that the tenant had made an initial deposit which represented payment in advance for the last month’s rent; that the landlord had failed to pay interest on this deposit, which totaled $421.00, in violation of G.L.c. 186, §15B; and that the landlord had interfered with the tenant’s quiet enjoyment of the premises in violation of G.L.c. 186, §14. On these counterclaims, the trial judge awarded damages to the tenant in the amount of $1,263.00 on the §15B violation (i.e., three times $421.00) and $2,550.00 on the §14 violation (i.e., three times the monthly rent). However, the judge denied the tenant’s request for attorney’s fees on these counterclaims.
The tenant subsequently filed a motion to amend the court’s findings on the grounds that (1) possession should not have been awarded to the landlord because the damages awarded to the tenant exceeded those awarded to the landlord, see G.L.c. 239, §8A,[1] and (2) the tenant was entitled to attorney’s fees. As the tenant has *120 vacated the premises, we need not address the court’s award of possession to the landlord. But see Lawrence v. Osuagwu, 57 Mass. App. Ct. 60, 62-64 (2003).
As to the attorney’s fees, G.L.c. 186, §14 provides that any person who violates that provision
shall also be liable for actual and consequential damages or three month’s rent, whichever is greater, and the costs of the action, including a reasonable attorney’s fee, all of which may be applied in setoff to or in recoupment against any claim for rent owed....
A similar provision for attorney’s fees can be found in G.L.c. 186, §15B(2) (a). Thus, it was error to deny the tenant’s request for attorney’s fees. Accordingly, the findings for the tenant/plaintiff-in-counterclaim, Andre Pierre, are affirmed, but the matter is returned to the trial court for the computation of pre-judgment and post-judgment interest on the damages awarded to the tenant in accordance with Mass. R. Civ. R, Rule 54(f) (see also G.L.c. 231, §6H), and for the assessment and award to the tenant of attorney’s fees. Additionally, we conclude that an award of appellate attorney’s fees is appropriate in this case, and authorize the trial judge to make that determination upon motion by Pierre. Cambridge YWCA v. Franks, 1998 Mass. App. Div. 242, 245. See Mellor v. Berman, 390 Mass. 275, 283-284 (1983).
So ordered.

 Paragraph 5 of G.L.c. 239, §8A states, in pertinent part “There shall be no recovery of possession under this chapter if the amount found by the court to be due the landlord equals or is less than the amount found to be due the tenant or occupant by reason of any counterclaim or defense under this section. If the amount found to be due the landlord exceeds the amount found to be due the tenant or occupant, there shall be no recovery of possession if the tenant or occupant, within one week after having received written notice from the court of the balance due, pays to the clerk the balance due the landlord, together with interest and costs of suit, less any credit due the tenant or occupant for funds already paid by him to the clerk under this section.”