Merrick, J.
The defendant-tenant, Heather Massey (“Massey”), occupied Unit 10 of a building in Falmouth owned by the plaintiff-landlord, GML Corporation (“GML”), under a written lease for a one-year term ending on September 30,2005 at a monthly rent of $1,500.00. At the inception of the tenancy, in addition to the first month’s rent, Massey paid the last month’s rent and a security deposit of $1,500.00. GML failed to give a receipt for, or to pay any interest on, either amount. GML also neglected to provide a statement of the condition of the premises, and to identify the bank and account number in which GML placed Massey’s security deposit.
From the time she moved in, Massey was required to pay for the electricity used not only in her apartment no. 10, but also in apartment no. 9 occupied by another tenant. She also paid the charges for common area lights. The reason was that there was only one meter for both apartments.[1] GML was aware of the meter problem, but failed to inform Massey before she began her tenancy. Further, the circuit breaker for apartment no. 9 was located in Massey’s apartment no. 10. According to the tenant in apartment no. 9, “[t]he circuits would blow quite often,” requiring Massey to reset the breaker. On one occasion when the neighbor in no. 9 “blew a circuit” when Massey was away, she felt compelled to pay someone $20.00 to go into her apartment and reset the circuit breaker so that her neighbor could have heat. Massey complained about the meter and circuit breaker conditions to GML in February, 2005. At GML’s suggestion in 2006, Massey began deducting $60.00 per month from her rent. She later increased the monthly deduction to $100.00 and also received some payments from GML. On March 1, 2006, Massey requested an additional credit of $880.00 to cover the extra electricity charges during the first year of her tenancy.
Massey also discovered that there were telephone extension jacks in apartment no. 9 for both of her telephone lines (business and personal). She heard people in apartment no. 9 speaking on the phone, was billed $1.60 for telephone calls she did not malee, and had to pay to have the jacks disconnected.
Within days of complaining about some of these conditions, Massey received a 30-day notice to quit from GML. No written renewal of the original lease was ever executed. GML commenced this summary process action.
*144 Massey answered the complaint with five affirmative defenses and 16 duplicative counterclaims. Six of Massey’s claims alleged that the electric meter and wiring conditions constituted violations of G.L.c. 93A, G.L.c. 186, §14, and G.L.c. 186, §20, and sought actual damages, treble damages, damages in the amount of three times the monthly rent, injunctive relief and attorney’s fees. Massey’s counterclaims also included five counts seeking recovery of additional single damages, multiple damages, and attorney’s fees for GML’s alleged violations of G.L.c. 186, §15B, G.L.c. 93A, and related Massachusetts Regulations in handling Massey’s security deposit.
After a jury-waived trial, the judge found for GML on its complaint for possession, but awarded no damages. The judge also entered a finding in favor of Massey on some of her counterclaims, and assessed single damages totaling $2,753.89 and attorney’s fees of $4,000.00. Massey has appealed the judgment for GML for possession, the denial of her motion to amend her counterclaims, the adverse findings on some of her counterclaims, and the amount of the damages awarded on the counterclaims on which she prevailed. GML has appealed the amount of damages awarded to Massey. Both parties have appealed the amount of attorney’s fees assessed.
1. On the morning of trial, Massey’s counsel argued a motion, filed earlier, to amend her counterclaims by adding a count alleging reprisal in violation of G.L.c. 186, §18. “The decision to grant a motion to amend a complaint, while generally ‘freely given when justice so requires!,]’ lies within the broad discretion of a trial judge” (citation omitted). Murphy v. I.S.K.Con. of New England, Inc., 409 Mass. 842, 864 (1991). The imminence of trial may serve as a proper basis for the denial of a motion to amend. Leonard v. Brimfield, 423 Mass. 152, 157 (1996); Barbosa v. Hopper Feeds, Inc., 404 Mass. 610, 621 (1989). While we may not have ruled the same way, we cannot say that the trial judge abused his discretion by declining on the morning of trial to permit Massey to add a 17th claim to her existing 16 counterclaims.
2. Massey charges error in the award of possession to GML on the grounds that GML failed to serve a proper notice to quit, that she recovered more in damages on her counterclaims ($2,753.89 plus $4,000.00 in counsel fees) than GML recovered on its complaint (nothing), and that GML’s evidence was insufficient to rebut the statutory presumption in her favor on her defense of retaliation. However, Massey has vacated the premises. While issues remain on some of her counterclaims, those questions relating solely to possession and her request for injunctive relief are now moot. Hodge v. Klug, 33 Mass. App. Ct. 746, 749 (1992); Michel v. Pierre, 2006 Mass. App. Div. 119, 119-120. The possession question in this case involves no issue “of public importance, capable of repetition, yet evading review.” Superintendent of Worcester State Hosp. v. Hagberg, 374 Mass. 271, 274 (1978). But see Lawrence v. Osuagwu, 57 Mass. App. Ct. 60, 63 n.5 (2003).
3. Several of Massey’s counterclaims seek single and multiple damages plus attorney’s fees for GML’s failure to comply with the requirements of G.L.c. 186, §15B in handling her security deposit. As noted, GML failed: to give a receipt for the security deposit and last month’s rent; to pay, initially, any interest on those amounts; to provide a statement of the condition of the premises; and to notify Massey of the bank name and escrow account number in which the security deposit was held. However, GML paid Massey all of the interest due on the security deposit and last month’s rent, and returned the full amount of the security deposit to her, before Massey’s counterclaims were filed. The counterclaims were the first demand for return of the security deposit. “Where the landlord discovers or acknowledges his error and returns the deposit, and the tenant is not forced to resort to litigation to vindicate his rights, the multiple damages and attorney’s fees provisions of subsection (7) [of §15B] have no application.” Castenholz v. Caira, 21 Mass. App. Ct. 758, 763 (1986); Anderson v. Cote, 2007 Mass. App. Div. 31, 32-33.
4. After trial, the judge wrote a two-page document entitled “Findings and Rul *145 ings.” The document appears to be an informal statement of the judge’s reasoning, rather than findings under Mass. R. Civ. P., Rule 52(c). See Stigum v. Skloff 433 Mass. 1011 (2001). After awarding possession to GML, the judge observed:
The defendant Massey has filed sixteen counterclaims [on] which I do find in her favor on all counterclaims except III, XII and XVI.
I assess damages on the collective counterclaims as follows.
Balance for illegally charged electricity $1,719.39. Plumbing bill for toilet repairs $347.50.
CountV for interference with tenant’s covenant of Quiet Enjoyment]:] actual damages to restore electricity to the illegally wired unit #9 and $25.00 for an illegally wired phone line Unit #9.
Additionally $642.00 is due Massey on the balance for last month’s rent.
Several of the counterclaims contain statutory or regulatory violations triggering c. 93A violations and potential doubling or tripling of damages. While I do not find sufficient evidence to warrant doubling or tripling of any of the above damages I do find that the plaintiff in counterclaim is entitled to reasonable attorney fees. Without the extensive and excellent representation of Massey’s counterclaims by her attorney it would have been difficult for her to prevail.
I find the reasonable attorney fees to be: $4,000.00.
On all of Massey’s requests for rulings of law relating to her counterclaims (requests nos. 13-43), the trial court made the following single ruling: ‘The following are denied as not properly rulings of law but rather calling for findings of facts. Most counterclaims have been allowed but see findings for damages.” As to many of Massey’s requests, this ruling was error. An example is defendant’s requested ruling no. 13:
If a landlord requires a tenant to pay for electricity, the landlord violates Article II of the State Sanitary Code, 105 CMR 410.354, if it fails to install and maintain wiring in a residential dwelling unit such that electricity is metered through meters which serve only the tenant’s dwelling unit or other area under the exclusive use of the tenant. 105 CMR 410.354.
105 CMR 410.354(C) provides in pertinent part:
If the owner is not required to pay for the electricity or gas used in a dwelling unit, then the owner shall install and maintain wiring and piping so that any such electricity or gas used in the dwelling unit is metered through meters which serve only such dwelling unit....
The denial of request for ruling no. 13 was error and cannot be said to be harmless. A number of other requested rulings on damages for breach of the covenant of quiet enjoyment and the landlord’s obligations regarding electric metering were also erroneously denied.
5. Some of the counterclaims seek, under various theories, damages for the inclusion of another tenant’s electricity in Massey’s electric bill. The trial court awarded Massey her electricity charges upon its finding of GML’s breach of the covenant of quiet enjoyment. For breach of the covenant of quiet enjoyment, how *146 ever, a plaintiff is statutorily entitled to “actual and consequential damages or three month’s rent, whichever is greater, and the costs of the action, including a reasonable attorney’s fee.” G.L.C. 186, §14.
We reject Massey’s assertion that she may collect, under different statutory theories, more than one triple rent recovery or triple rent plus actual damages trebled for the same facts. She cannot obtain duplicative actual damages, or recover actual damages plus triple rent, upon a finding of one factual incident violative of, for example, the covenant of quiet enjoyment, G.L.c. 186, §14 and G.L.c. 93A. Wolfberg v. Hunter, 385 Mass. 390, 400-401 (1982).
When three months’ rent has been assessed for one violation, the incentive function of the triple rent provision is fulfilled. Therefore, we hold that a tenant proceeding under §14 may collect only one such award, covering all claims that the tenant has raised or reasonably could have raised in the suit. Further, if actual damages arising from a single claim or from all claims combined exceed three months’ rent, the triple rent measure has no function, and the tenant’s remedy is limited to actual damages.
Simon v. Solomon, 385 Mass. 91, 110-111 (1982).
In this case, for GML’s violation of the electric metering regulations, the judge awarded actual damages of $1,719.39, the amount stated in the complaint as the electricity charges paid by Massey less credits toward them given her by GML. First, according to the uncontested evidence, the amount in question was actually, at the time of the trial, $1,921.39. Second, having found a quiet enjoyment breach, the judge was required to award the larger amount of $4,500.00 (three times the monthly rent of $1,500.00) under the “triple rent” provisions of §14. On the other hand, 940 CMR 3.17 provides that the knowing violation of the metering regulations constitutes an “unfair or deceptive act or practice.” If the judge found that there had not been a reasonable settlement offer after a G.L.c. 93A demand, he could have awarded treble actual damages in the amount of $5,764.17 (three times $1,921.39). If the judge awarded only single or even double actual damages, the greater, and therefore statutorily required, award would have been triple rent in the amount of $4,500.00. In either event, Massey would be entitled to attorney’s fees.
6. Massey’s counsel submitted an affidavit detailing 69.95 hours of legal services in this case, and indicating that $200.00 per hour was “in the lower average range” of hourly rates for attorneys with his experience. The resulting claimed value of his legal services was $13,990.00.[2] The trial judge awarded attorney’s fees of only $4,000.00. The award seems lower than we would have made on this record. However, “ [t] he determination of a fair and reasonable attorney’s fee requires an exercise of judgment involving the application of many diverse factors. The findings of a trial judge in these matters is entitled to considerable respect on review, and will not lightly be disregarded.” Mulhern v. Roach, 398 Mass. 18, 30 (1986). We do not know, for example, if the judge considered much of the effort expended to be on unnecessarily duplicative claims.
As a rule, a District Court judge is not required to make findings of fact regarding attorney’s fees or any other subject. Mass. R. Civ. P., Rule 52(c). Massey filed no requests for rulings of law as to the standard to be applied by the judge in setting attorney’s fees. See Mass. R. Civ. P., Rule 64A. We note that in one recent case involving attorney’s fees, the Appeals Court ordered:
Because the judge made no findings explaining his decision, and because the amount awarded appears unreasonably low, the matter must *147 be remanded to the Boston Municipal Court to determine whether the fees requested were reasonable and should be awarded. If not, the judge should explain why, and if consistent with his or her rationale, the judge should then determine a reasonable fee in accordance with the standards set forth in our cases.
Citizens Bank of Mass. v. Travers, 69 Mass. App. Ct. 174, 177 (2007). There is no need for us to consider such action here as the case is being returned to the trial court for further proceedings, and the judge will be required to revisit the issue of attorney's fees.
7. Nothing in the judge’s findings and rulings on Massey’s requests requires us to disturb the judge’s award of $642.00 from the last month’s rent, $347.50 for necessary plumbing repairs, and $25.00 for telephone costs. The total of those items, $1,014.50, should be included in the judgment entered for Massey after any retrial.
8. Massey followed the prescribed procedure in requesting appellate counsel fees by including such a request in her brief on this appeal. Beal Bank, SSB v. Eurich, 448 Mass. 9, 12 (2006). Where a statute provides for attorney’s fees, appellate attorney’s fees may also be assessed. “The statutory provisions for a ‘reasonable attorney’s fee’ would ring hollow if it did not necessarily include a fee for the appeal. The right to appellate attorney’s fees under [similar] statutes is beyond dispute.” Stowe v. Bologna, 415 Mass. 20, 23 (1993), quoting Yorke Mgmt. v. Castro, 406 Mass. 17, 19 (1989) (party’s right to obtain attorney’s fees pursuant to G.L.c. 186, §§14, 18 and c. 93A, §9(4) includes attorney’s fees for appeal).
"In general, a litigant must qualify as a ‘prevailing party’ in order to qualify for an award of attorney’s fees.” Bonofiglio v. Commercial Union Ins. Co., 412 Mass. 612, 613 (1992), quoting Yorke Mgmt., supra at 18. Whether a party qualifies as such is discretionary with the appellate court. Patry v. Liberty Mobilehome Sales, Inc., 394 Mass. 270, 272 (1985). While Massey failed in her claims that she was entitled to recover multiple damages for the security deposit violations and triple rent, plus treble actual damages, for the metering violation, she prevailed on her claim that the judge should have awarded more than single actual damages for the metering violation.
Within 10 days of this decision, “[Massey] may submit to the Appellate Division [her] petition for fees, together with the necessary back-up material and details as to hours spent, precise nature of the work, and fees requested. [GML] may file opposition materials in ten (10) days from the date of service of [Massey’s] submittal.” Herman v. Home Depot, Inc., 2001 Mass. App. Div. 132, 136 (2001). See Fabre v. Walton, 441 Mass. 9, 10-11 (2004).
9. This case is returned to the Falmouth Division for a rehearing on the question of the damages to be awarded to Massey for GML’s electric metering violation, and for a reconsideration of the award of attorney’s fees. If the matter is heard by the same judge, the judge may either revise his assessment of damages for the meter violations based upon the record,[3] or he may order a full trial on that issue. Damages will be in the amount so determined, plus the $1,014.50 previously awarded, attorney’s fees calculated to date, and the appellate legal fees we order.
So ordered.

 It appears that there was only one meter because apartment no. 9 was not a legal apartment. The trial judge correctly ruled that this fact was not directly relevant.

 The affidavit does not assert that this amount was actually charged to Massey.

 The underlying facts are not in dispute, and a trial transcript was prepared for this appeal.