Connor, J.
This is an expedited appeal pursuant to Dist/Mun. Cts. R A D. A, Rule 8A from the denial of the defendants motion to vacate judgement under Mass. R Civ. R, Rule 60(b) (1). The defendant argues that the trial judge abused her discretion in denying the motion. We find that the record does not support the defendant’s contention.
The plaintiff filed a complaint on December 27, 2000 in New Bedford Division District Court seeking damages for injuries arising out of a motor vehicle accident allegedly caused by the defendants negligence. The defendant was served by leaving a summons with a copy of the complaint at his last and usual residence on December 29, 2000. See Mass. R Civ. R, Rule 4(d). No answer having been filed, the plaintiff moved for default on April 29, 2001 and damages were assessed at a hearing on May 8, 2001. The plaintiff did not notice the defendant of either of these hearings. Judgement entered on June 25,2001. After the defendants insurer received a copy of that judgement, it notified its attorney on July 25, 2001 and on September 10th, the same attorney filed a motion to vacate judgement which after hearing was denied on September 25,2001.
In support of the motion, the defendants attorney relied on an affidavit of co-counsel stating that she and the defendants insurer had been unsuccessful in seeming the defendants cooperation which included his failure to notify the insurer of the lawsuit The defendant contends that conduct of his attorney falls with the definition of “excusable neglect” which under Mass. R Civ. R, Rule 60(b) (1) warrants allowance of his motion.
*191 A motion to vacate judgement is left to the sound discretion of the motion judge and will not be reversed absent a show of “clear abuse.” Scannell v. Ed. Ferreininha & Irmao, Lda. 401 Mass. 155 at 158 (1987). The party seeking relief has the burden of justifying his position. Reporters notes to Mass. R Civ. R, Rule 60; Tai v. City of Boston, 45 Mass. App. Ct. 220, 223 (1996); Scannell at 158.
While there is no litmus test available for the motion judge,[1] in exercising her discretion, the judge’s review should include the following factors: “(1) whether the offending party has acted promptly after entry of judgement...; (2) whether there is a showing ... that the claim ... has merit; (3) whether the neglectful conduct occurs before trial ...; (4) whether the neglect was the product of a consciously chosen course of conduct on the part of counsel; (5) whether prejudice has resulted to the other party; (6) whether the error is chargeable to the party’s legal representative rather than to the party himself.” Berube v. McKesson Wine & Spirits Co., 7 Mass. App. Ct. 426, 430-431 (1979).
The affidavit of co-counsel along with the docket entries provides the only factual basis for the defendants requested relief. In that affidavit defense counsel lays the responsibility for the-judgment on his shoulders and argues “excusable neglect” He assigns two reason for his failure to defend the case. First was plaintiffs counsel’s failure to notify defendants insurer, with whom he had been in contact, about the pending litigation. Second was the defendants failure to notify the insurer of two summonses and his continuing failure to cooperate.
The conduct to be examined in this case is that of the defendant not either counsel. Plaintiffs counsel had no obligation to notify the defendant of the default or assessment hearings since no appearance had been filed on his behalf. Mass. R Civ. R, Rule 55(b) (4). While the conduct of defendants counsel is certainly excusable, the unexplained conduct of the defendant is not See Felch v. General Rental Co., 383 Mass. 603, 613-614 (1981).
The defendant also failed to make any showing of a meritorious defense. Abare allegation or of merit will not suffice. There should be support in the form of affidavits or reference material. Tai v. City of Boston, 45 Mass. App. Ct. 220, 223 (1996).
The defendant also argues that since there was a span of only thirty-one days from his notice of the judgement to the filing of the motion to vacate, the judge’s action was not reasonable.[2] The judge was entitled to consider not only the filing date of the latest motion but also the conduct of the defendant from the date on which he was served. See McIsaac v. Cedergren, 54 Mass. App. Ct. 607 (2002).
While the motion judge did not specifically address each of the Berube factors, the record of uncontroverted facts submitted at the hearing provide ample support for the judge’s exercise of discretion. In her decision simply stated “the noncooperation of the defendant with the insurer is not excusable neglect”
Based on the record before the motion judge we find that her decision reflects a fair consideration of all the facts available to her. We find no abuse of discretion.
Order denying motion to vacate judgement is affirmed.
So ordered.

Abuse of discretion occurs when “its exercise has been characterized by arbitrary determination, capricious disposition, whimsical thinking or idiosyncratic choice.” Greenleaf v. Massachusetts Bay Transportation Authority, 22 Mass. App. Ct. 426, 429 (1986).

In Piepul v. Bryson, 41 Mass. App. Ct. 932 (1996), the Court refused to reverse the trial judge’s denial of a motion to vacate filed within two weeks after judgement had entered.