Coven, J.
Kosma Evangelidis (“Evangelidis”) brought his 1990 Lincoln Town Car to Angel Cuevas’ (“Cuevas”) shop for repairs. On February 5,2005, Evangelidis filed a small claims action against Cuevas, alleging that Cuevas had made unauthorized repairs to his vehicle, and requesting both the return of the car and an award of actu *89 al and G.L.C. 93A punitive damages. The case was transferred to the regular civil docket by agreement of counsel for both parties. In November, 2005, Evangelidis filed an amended complaint in two counts for Cuevas’ alleged conversion of the vehicle and unfair and deceptive practices in violation of G.L.c. 93A.[1] Cuevas failed to file a timely answer, and his counsel did not respond to a subsequent letter from Evangelidis’ attorney warning that a default would be requested if no answer was filed. Cuevas was defaulted in December, 2005.
Almost six months later, Cuevas appeared at a hearing on Evangelidis’ motion to assess damages and filed a motion to vacate the default. The motion was allowed and the default was removed in June, 2005. A year later, the case was tried jury waived before a second judge, who found in favor of Cuevas.
Evangelidis alleges on this appeal that there was error in the first judge’s allowance of Cuevas’ motion to remove the default, and in the trial judge’s conclusions that the evidence was insufficient to permit a recovery by Evangelidis on either of his claims for conversion and G.Lc. 93A violations.
We agree with Evangelidis that the allowance of Cuevas’ motion to remove the default was error.
Because no default judgment had been entered at the time Cuevas sought to remove the default, his motion was governed by the “good cause” standard of Mass. R. Civ. R, Rule 55(c) rather than the more stringent “excusable neglect” requirements of Mass. R. Civ. R, Rule 60(b). Broome v. Broome, 40 Mass. App. Ct. 148, 152-153 (1996); Giuliano v. Vacca, 2004 Mass. App. Div. 154, 158 n.6. Under the “good cause” standard, “a default... may be set aside for reasons that would not be enough to open a default judgment.” Broome, supra at 152, quoting C.A. Wright, A.E. Miller & M.K. Kane, Federal Practice and Procedure §2696, at 514-515 (2d ed. 1983 & Supp. 1995). Indeed, “[w]hen satisfied of the good faith of the applicant moving to set aside a default, the court should be liberal in its consideration of the application.” Adoption of Eugene, 415 Mass. 431, 437 (1993).
The general judicial policy disfavoring defaults and the resulting, more lenient Rule 55(c) standard do not, however, permit a defendant to ignore or flout the twenty-day deadline imposed by Mass. R. Civ. R, Rule 12(a)(1), for filing an answer. Cicchese v. Tape Time Corp., 28 Mass. App. Ct. 72, 74 (1989). While a motion to vacate a default is addressed to the judge’s broad discretion, Burger Chef Sys., Inc. v. Servfast of Brockton, Inc., 393 Mass. 287, 289 (1984), default removal may be properly predicated only upon the defendant’s showing, preferably by affidavit, of “good cause” for the default, prompt action by the defendant to vacate the default, and a meritorious defense to the plaintiff’s claim. Coady v. Stack, 1995 Mass. App. Div. 135, 136. See United States Envtl. Rental Corp. v. Lease One Corp., 2005 Mass. App. Div. 149, 150 (defendant “required to demonstrate by affidavit that it acted promptly to vacate the default and that it had meritorious defenses to the plaintiff’s claims”); *90 Carlson v. Silvia, 2002 Mass. App. Div. 190, 191 (“A bare allegation of [a] merit[orious defense] will not suffice. There should be support in the form of affidavits or reference material.”).
Cuevas satisfied none of these requirements. His one and one-half page motion, unsupported by any affidavit, set forth nothing more than conclusory allegations that “good cause” existed for the default removal, that his failure to answer was caused by “confusion, misunderstanding, inadvertence and excusable neglect,” and that he had “multiple significant meritorious defenses” to the action. Even if the unsworn “draft” answer attached to Cuevas’ motion could be generously read as suggesting some defense to Evangelidis’ claims,[2] the motion remained devoid of any specification of a ground for Rule 55(c) relief. Nothing in the motion explained how Cuevas, or his counsel, was confused by, or misunderstood, the straightforward Rule 12 (a) requirement for filing a timely answer, or offered any other facts substantiating his general assertion of excusable neglect.
An “[a]buse of [judicial] discretion occurs when ‘its exercise has been characterized by arbitrary determination, capricious disposition, whimsical thinking or idiosyncratic choice.’” Carlson, supra at 191 n.1, quoting Greenleaf v. Massachusetts Bay Transp. Auth., 22 Mass. App. Ct. 426, 429 (1986).
As the record discloses no reasoned basis for the motion judge’s allowance of Cuevas’ motion to vacate the default, that ruling must be reversed.[3]
Accordingly, the judgment for Cuevas is vacated, the allowance of Cuevas’ motion for default removal is reversed, the default is reinstated, and this action is returned to the trial court for an assessment of damages in favor of Evangelidis.
So ordered.

 Evangelidis asserts in his appellate brief that Cuevas’ G.L.c. 93A violations included a failure to comply with any of the written documentation requirements imposed upon repairmen by 940 CMR 5.05. Evangelidis did not, however, include a copy of his amended complaint in the Dist./Mun. Cts. R. A. D. A., Rule 8A expedited appeal record he prepared and submitted to this Division.

 The answer consisted of general admissions and denials of complaint allegations, boilerplate affirmative defenses, and a “counterclaim” for $21,850.00 for unpaid repair and storage charges. The latter asserted that Evangelidis had given oral consent to the repairs made by Cuevas and had refused to pick up his car and pay the outstanding bill. Cuevas’ draft counterclaim did not address his alleged violations of 940 CMR 5.05 or any other specific G.L.c. 93A claim.

 Given our decision on the motion, it is unnecessary to address Evangelidis’ remaining contentions on this appeal.