Mercilia Lindor, the plaintiff, commenced this action in Superior Court against McDonald’s Restaurants of Massachusetts, Inc. (McDonald’s), after she slipped and fell on an icy sidewalk near one of the defendant’s restaurants in 2007. Ultimately, McDonald’s moved for summary judgment, arguing that the ice involved in Lindor’s fall had accumulated naturally, and that, under well-established Massachusetts law, it was not liable for accidents occurring on accumulations of that type. See, e.g., Barrasso v. Hillview W. Condominium Trust, 74 Mass. App. Ct. 135, 137-139 (2009). The plaintiff filed no opposition, and a judge of the Superior Court allowed McDonald’s motion in a marginal notation dated July 22, 2010.[1] The resulting judgment entered on July 28, 2010.
On July 26, 2010, however, the Supreme Judicial Court decided Papadopoulos v. Target Corp., 457 Mass. 368 (2010), in which it held that reasonable care for all lawful visitors, not distinctions between natural and unnatural accumulations of snow and ice, supplied the proper standard for determining liability in cases arising out of wintery conditions. Id. at 378. Recognizing that its decision changed the law that had been in effect for some time, the court stated that the rule it announced in Papadopoulos would be subject to “the normal rule of retroactivity.” Id. at 384. In a footnote, the court observed that normal retroactivity rules did not revive “the action of a plaintiff whose claim for physical injuries has been concluded by judgment or settlement or by the running of the statute of limitations.” Id. at 385 n.19, citing Bouchard v. De-Gagne, 368 Mass. 45, 49 (1975).
The plaintiff then filed this appeal claiming that the change in the law *868 wrought by Papadopoulos applied to her case. McDonald’s countered by relying on the court’s statement that the new rule did not apply to claims “concluded by judgment” and that Lindor’s claim had been concluded in that manner the moment the judge allowed its motion, even if the clerical act of entering the resulting judgment occurred after the Papadopoulos decision was announced. We think the plaintiff’s position is correct, and because the record raises a genuine issue of material fact as to McDonald’s reasonable care, we vacate the judgment.
a. Retroactivity. McDonald’s claim that Papadopoulos is inapplicable to this case fails for at least two reasons. First of all, no judgment in this case existed until two days after Papadopoulos was decided. The judge’s marginal notation allowing the motion for summary judgment was not a judgment, for a judgment only exists when written on a separate paper and entered on the docket. See Mass.R.Civ.P. 58(a), as amended, 371 Mass. 908 (1977); Mass.R. Civ.R 79(a) 365 Mass. 839 (1974). See generally, e.g., Fleming v. Shaheen Bros., 71 Mass. App. Ct. 223, 225 (2008).
More fundamentally, though, the normal rule of retroactivity to which the Supreme Judicial Court adverted “applies a change in the law] to all claims on which a final judgment has not been entered, or as to which an appeal is pending or the appeal period has not expired, and to all claims on which an action is commenced after the release of this opinion.” Vassallo v. Baxter Healthcare Corp., 428 Mass. 1, 23 (1998). See, e.g., Galvin v. Welsh M.G. Co., 382 Mass. 340, 343-344 (1981) (“It is settled that appellate courts will properly note developments in the applicable law that have occurred after entry of a judgment below”). Under the normal rule of retroactivity, therefore, the rule articulated in Papadopoulos applies to this case.
b. Genuine issue of material fact. “[T]he standard of review of a grant of summary judgment is whether, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to a judgment as a matter of law.” Siebe, Inc. v. Louis M. Gerson Co., 74 Mass. App. Ct. 544, 548 (2009), quoting from Nelson v. Salem State College, 446 Mass. 525, 530 (2006). To determine whether that standard has been met, we review the record de novo. French King Realty Inc. v. Interstate Fire & Cas. Co., 79 Mass. App. Ct. 653, 659 (2011).
Under the traditional premises liability standard described in Papadopoulos, “[i]f a property owner knows or reasonably should know of a dangerous condition on its property, ... the property owner owes a duty to lawful visitors to make reasonable efforts to protect [them] against the danger.” 457 Mass. at 383. “[A] fact finder will determine what snow and ice removal efforts are reasonable in light of the expense they impose on the landowner and the probability and seriousness of the foreseeable harm to others.” Id. at 384. Among other factors, a fact finder can consider “the amount of foot traffic to be anticipated on the property.” Ibid, (adding that what efforts are “reasonable” may depend in part on whether the defendant is a homeowner or a commercial establishment).
The record before us, viewed in the light most favorable to the plaintiff, creates a genuine issue whether McDonald’s knew or reasonably should have known that the icy conditions posed a danger to its customers. At her deposition, the plaintiff testified that she arrived at the McDonald’s restaurant by automobile at approximately 10:00 p.m. By then, due to poor weather and *869 freezing rain, the public roads had been salted. As she stepped from her automobile to the sidewalk a few feet from the McDonald’s entry way, she slipped and fell, breaking her foot. While still lying prone, she witnessed another man fall to his knees close by. When emergency personnel arrived, they had difficulty getting the plaintiff off the ground due to the slippery conditions and ultimately requested that McDonald’s employees salt the area.
Jonathan D. Sweet for the plaintiff.
Richard J. Riley (Conrod A. Boone with him) for the defendant.
All of these facts permit an inference about the extent of the ice and the employees’ knowledge of the weather conditions, and thus McDonald’s actual or constructive knowledge. Additionally, a rational jury might find that it was reasonable for McDonald’s to take protective measures against the risk of injuries, particularly because there is evidence in the record that the restaurant has significant foot traffic. See Papadopoulos, 457 Mass. at 380, quoting from Fuller v. Housing Authy. of Providence, 108 R.I. 770, 773 (1971) (“[A] landlord, armed with an ample supply of salt, sand, scrapers, shovels and even perhaps a snow blower, can acquit himself quite admirably as he takes to the common passageways to do battle with the fallen snow ... or the frozen rain”).
We conclude that there is a genuine issue of fact whether McDonald’s knew or reasonably should have known of dangerous ice on its property and, if so, whether it undertook reasonable remediation efforts. Accordingly, we vacate the judgment and remand the case for further proceedings consistent with the standards articulated in Papadopoulos.

So ordered.

Understandably, the notation focused solely on Lindor’s failure to file an opposition, for the law at the time was clear and the material facts were undisputed. Failure to file an opposition, however, cannot by itself furnish grounds for allowance of a summary judgment motion. See Davidson Pipe Supply Co. v. Johnson, 14 Mass. App. Ct. 518, 524 (1982), quoting from 6 Moore’s Federal Practice par. 56.23, at 56-1390 (2d ed. 1982) (“If the moving party fails to shoulder his burden his motion should be denied, even though the opposing party has presented no evidentiary materials in opposition”).