Coven, J.
The plaintiff is the former tenant of the defendants under a written lease for commercial property used by the plaintiff for a restaurant. The plaintiff brought this action for deceit, fraud, and breach of contract. The defendants were defaulted and damages were assessed in the amount of $35,000.00. Attorney’s fees in the amount of $5,400.00 were also awarded. The defendants have appealed under Dist./Mun. Cts. R. A. D. A., Rule 8C, arguing that: (1) the default judgment was improperly entered and the defendants’ motion to vacate the default judgment was improperly denied, (2) damages were not properly awarded because the plaintiff failed to prove damages, the judge failed to hold an evidentiary hearing, and no written findings were issued, and (3) the damages award was affected by the court’s G.L.c. 239, §4 rulings as to when an execution is levied upon in a summary process action.
Before proceeding to identify the issues raised in this appeal, we first address whether this appeal is properly before this Division. Procedurally, on January 30, 2012, the defendants were defaulted for failing to appear at a pretrial conference held by an assistant clerk-magistrate. A judgment in the amount of $11,170.14 was entered on the trial court docket on January 31, 2012. On March 8,2012, the defendants filed a motion to vacate the default judgment. Their motion was denied on March 15, 2012. Despite that action, an assessment of damages hearing was scheduled; and on August 9, 2012, a judge in a marginal note on a memorandum supporting plaintiff’s request for an assessment of damages and award of attorney’s fees, assessed damages in the amount of $35,000.00 and awarded $5,400.00 in attorney’s fees.[2] The assessment is not entered on the docket as a judgment.
The record demonstrates that the plaintiff’s claim of damages was unliquidated. *96 Therefore, a default judgment could not have been entered by the assistant clerk-magistrate, see Mass. R. Civ. R, Rule 55(b)(1), although a default could have been properly entered. See District Court Joint Standing Order 1.04, §IV(A). The scheduling of an assessment of damages hearing was apparently in recognition of this error. In effect, although the defendants’ motion to vacate the default judgment that was entered on the action of the clerk-magistrate was docketed as denied, the court vacated the judgment, but allowed the default to stand.
"[A] judgment only exists when written on a separate paper and entered on the docket.” Lindor v. McDonald’s Restaurants of Mass., Inc., 80 Mass. App. Ct. 909, 910 (2011). See Mass. R. Civ. P., Rule 58. There has not been compliance with Rule 58. But “to further the economical administration of justice, we will discuss the merits and leave it to the parties to arrange with the clerk of the [District] Court for entry of a proper judgment.” Zoning Board of Appeals of Greenfield v. Housing Appeals Comm., 15 Mass. App. Ct. 553, 555 (1983).
Underlying this action is a prior summary process action. From our review of the record, it appears that in the summary process action, an agreement for judgment was entered into, and, based on asserted issues of noncompliance with the agreement, a writ of execution was issued. The defendants, who were the plaintiffs in the summary process action, had a constable levy on the execution. Essentially, on January 10,2010, the constable went to the premises and turned the contents of the property found therein over to the defendants. Nothing was removed by the constable.
The plaintiffs claims of deceit, fraud, and breach of contract in this case arise out of the actions taken by the defendants under the terms of the agreement for judgment that the parties entered into in the underlying summary process action. Of particular note in this action is the assertion by the plaintiff in its complaint that the defendants refused to allow the plaintiff access to the premises following the levy on the execution so that it could retrieve its business property and records.
The status of the property held by the defendants became a focused issue. A temporary restraining order was sought, a preliminary injunction was issued, and the defendants were found in contempt of the injunction order. Basic to the issuance of the injunction was a determination by the issuing judge that the defendants failed to comply with G.L.c. 239, §4, when the constable upon levying on the execution turned the property that remained at the business location over to the defendants instead of having placed the property in a licensed public warehouse or storage facility.
The preliminary injunction was issued on July 23, 2010. On November 14, 2011 and January 30,2012, the defendants failed to appear for a scheduled pretrial conference. As discussed above, a default was entered upon the second failure to appear. On March 6, 2012, the defendants’ motion to remove the default judgment was entered on the docket. In an affidavit accompanying the motion, defendant Sean Lahey stated that he had defended against the plaintiff’s claim “vigorously,” “asserted counterclaims,” and “engaged in discovery.” He asserted that the default judgment resulted from “miscommunications” and a “misunderstanding” between him and defense counsel. He further claimed “valid and meritorious defenses, affirmative defenses, and counterclaims.” The affidavit and accompanying memorandum lack a factual basis for these assertions.
The record does not contain a transcription of what occurred at the August 9, *97 2012 damages assessment hearing. In their motion for reconsideration of the damages assessed, the defendants claim that, at the hearing, the “ [p]laintiff was obligated to introduce testimony and documentary evidence to prove its damages,” and the “[defendants were entitled to call witness [sic], to cross-examine Plaintiffs witness, and to admit documentary evidence.” The defendants assert that, at the hearing, they brought to the judge’s attention the failure of the plaintiff to comply with a subpoena to produce documents and requested the court to deny the assessment and award the plaintiff only $1.00 in damages because of its failure to comply with the subpoena request.
The denial of the defendants’ motion to remove the default judgment was not error. As previously noted, the motion was allowed to the extent that the judgment was vacated and an assessment of damages hearing was scheduled. But on the record, there was no abuse of discretion in not removing the default. “[D]efault removal may be properly predicated only upon the defendant’s showing, preferably by affidavit, of ‘good cause’ for the default, prompt action by the defendant to vacate the default, and a meritorious defense to the plaintiff’s claim.” Evangelidis v. Cuevas, 2008 Mass. App. Div. 88, 89. “Abare allegation of [a meritorious defense] will not suffice. There should be support in the form of affidavits or reference material.” Carlson v. Silvia, 2002 Mass. App. Div. 190, 191.
The defendants failed to satisfy their burden. Assuming that their motion was timely filed, “good cause” was not established through their conclusory statements of miscommunications or misunderstandings, nor did conclusory assertions that there existed valid and meritorious defenses, affirmative defenses, and counterclaims constitute a basis for relief. The decision on a motion to remove a default is in the sound discretion of the trial judge and will not be reversed on appeal unless there is an abuse of that discretion. Burger Chef Sys., Inc. v. Servfast of Brockton, Inc., 393 Mass. 287, 289 (1984). There was no abuse of discretion in these circumstances.
Turning to the remaining issues, we begin by observing that “an appellant cannot satisfy its burden of proving judicial error or abuse of discretion in the absence of an adequate record containing all material necessary for appellate review.” Consumer Prod. Distribs., Inc. v. Toy Town Pit Stop, Inc., 2011 Mass. App. Div. 42, 45. The defendants argue that erroneous rulings regarding G.L.c. 239, §4 by a judge infected the determination of damages awarded by another judge.[3] They further argue that no evidentiary hearing was held on the issue of damages. We are in no position to address these claims of error because we have not been provided a copy of the transcript of what occurred at the assessment hearing, nor have we been provided with a proper record of what occurred in the context of the motion of the defendants to *98 reconsider the award.[4] ‘This Court is hobbled in rendering a decision without an opportunity thoroughly to examine the full transcript.” Oakwood Living Ctrs., Inc. v. Saquet, 2003 Mass. App. Div. 98, 99.[5]
Judgment affirmed.
So ordered.

 The plaintiff sought $5,400.00 in attorney’s fees on its “Breach of Lease” claim and an additional award of $5,270.40 for attorney’s fees associated with a “Contempt Order” issued against the defendants.

 General Laws c. 239, §4 deals with circumstances in which “an officer, serving an execution issued on a judgment for the plaintiff for possession of land or tenements, removes personal property, belonging to a person other than the plaintiff.” The judge dealing with the injunction portion of this case appears to have taken the position that removal of the plaintiff’s property was required. Because we are unable to address the claimed errors, we take no view on the correctness of this position.

 The docket sheet contains the following entry on October 9, 2012 as to the motion for reconsideration: “Motion of Defendants for Reconsideration denied. Without hearing (decision given to both sides in open court) On 10/5/12.” Yet the docket also contains the entry that the motion was scheduled for a hearing on October 4,2012; and on that date, there is the following entry: “Result: Event Begun But Not Completed.”

 Rule 8C(a) of Dist./Mun. Cts. R. A. D. A. provides that “ [i]f an appeal is not claimed and perfected under Rule 8A or 8B, a party may appeal based on the record of the proceedings as provided in this rule. The record of proceedings shall consist of a typewritten transcript of the electronic or stenographic recording of the proceedings or, where no such record is available, a statement of the evidence, as provided below. No transcript or statement of the evidence shall be required for appeal under this rule where the issue or issues presented is raised solely by the pleadings.”