Swan, J.
In Vaks v. Ryan, 2012 Mass. App. Div. 17 (“Vaks D, we deferred determining the enforceability of a contract’s provision on attorney’s fees to another day. That day has arrived.
Rimma Vaks and her husband Steven Mangano (collectively, “the Vaks”) sued Ryan Auction Co. and its owner, Denise Ryan (collectively, “Ryan”), on various causes of action arising from the auction sale by Ryan of some of the Vaks’ personalty. By a multipage, preprinted form (the “agreement”), the Vaks consigned to Ryan over 150 items of furniture and other property. The front of each page of the agreement listed property to be sold and noted Ryan’s “conditions of acceptance” on the reverse. One of those conditions, contained in paragraph 9, stated that Ryan would be entitled to attorney’s fees, costs, and expenses in the event of any litigation arising out of the agreement (“fee clause”).
Partially allowing Ryan’s motion for summary judgment, the trial court dismissed all counts of the Vaks’ complaint except those for breach of contract and conversion. Those remaining counts, along with Ryan’s counterclaim for attorney’s fees, were tried to a jury (“first trial”). The judge in the first trial reformed the fee clause, and charged the jury that only in the event that Ryan prevailed would Ryan be entitled to a fee award. The jury returned a verdict for Ryan and awarded Ryan $5,500.00 in attorney’s fees. The Yaks appealed the allowance of summary judgment on their other counts. In Vaks I, we affirmed and reversed in part, and specifically returned the fraud and G.L.c. 93A counts for trial.[3]
In a subsequent jury-waived trial, Ryan prevailed on the fraud and G.L.c. 93A counts as well (“second trial”). The judgment in the second trial did not include an award of attorney’s fees, and Ryan moved for correction of the judgment to include the fee award from the first trial. The Vaks opposed the motion. The trial judge did *38 not amend the judgment but, instead, ruled that the judgment “for Ryan stands,” presumably leaving unimpaired the fee award in the judgment from the first trial.[4] The Vaks have appealed that ruling. Ryan has neither briefed nor in any other way contested the Vaks’ appeal.
In Vaks I, we addressed the enforceability of the fee clause in footnote 3 (“footnote 3”), which states in its entirety:
Paragraph 9 of the agreement provides: ‘Should any action be brought arising out of this agreement ... [Ryan] shall be entitled to reasonable attorney’s fees costs and expenses....’ We note that this provision does not condition recovery of such fees, costs, and expenses on who initiates the action or on its outcome. The enforceability of paragraph 9 has not been raised on appeal, and we leave that issue to the sound discretion of the trial court should it arise in subsequent proceedings.
Id. at 21 n.3. The trial judge answered our admittedly enigmatic invitation while addressing Ryan’s motion to correct the judgment to include the fee award, stating:
Vaks now contests the award of Attorney fees found by the jury. Her argument is primarily focused on the contract term permitting such whether [or] not Ryan prevailed. To the extent the argument was not mooted by the Jury, it fails for several reasons. First, it appears that it was largely subsumed by the Appellate Division’s findings that Vaks’ ‘uncon-scionability’ allegations involved questions of Law and were properly denied. ... Second, to the extent this argument was not proffered to the Appellate Division, which finds some support in footnote 3 of the Decision, it is waived. (Citation omitted.) Third, while the Appellate Division may well have chosen to decide the issue despite its not having been briefed, it did not do so leaving the Jury’s decision intact.... Last, to the extent footnote 3 permitted reconsideration, that burden would have fallen on Vales rather than Ryan.
As to the first point cited by the trial judge, two of the counts in the Vaks’ complaint alleged that the terms of the agreement were unconscionable and unenforceable, violating G.L.c. 106, §2-302 (1). They were dismissed in the ruling on Ryan’s ini *39 tial motion for summary judgment that “ [t]he contract between the parties was neither procedurally nor substantively unconscionable.” We agreed that this “conclusion was not erroneous, and counts 5 and 6 were properly removed from consideration at trial [and] that [no] further proceedings [were] required regarding these claims.” Vaks I at 21. From that statement, the trial court understandably concluded that any challenge to the fee clause was “largely subsumed by the Appellate Division’s findings [in Vaks I\ that Vaks’ ‘unconscionability’ allegations involved questions of Law and were properly denied.” However, our ruling on the uncon-scionability allegations was modified by footnote 3, which specifically left the fee issue open. We find that no subsummation occurred. For the same reason, footnote 3 was designed further to foreclose mootness or waiver of the issue to the Vaks’ detriment.
The trial judge was correct that we “may well have chosen to decide the issue despite its not having been briefed, [and] did not do so.” The judge was also correct in further stating that the appellate “process requires a degree of finality and disfavors piecemeal attacks on underlying issues [that] were capable of resolution on the initial sally” and that the trial court had addressed only the three counts returned by Vaks I. Nevertheless, as stated, the issue of the validity of the fee clause was still left open by footnote 3, and given the manner in which the appeal has been presented to us, we now declare the fee clause unconscionable and unenforceable. Having not opposed the appeal, Ryan gives us no reason to do otherwise.
The doctrine of unconscionability “has long been recognized as grounds for avoiding a contract. Historically, a contract was considered unconscionable if it was ‘such as no man in his senses and not under delusion would make on the one hand, and as no honest and fair man would accept on the other.’ Hume v. United States, 132 U.S. 406, 411 (1889), quoting Earl of Chesterfields. Janssen, 28 Eng. Rep. 82,100 (Ch. 1750). ‘Later, a contract was determined unenforceable because unconscionable when “the sum total of its provisions drives too hard a bargain for a court of conscience to assist.’” Waters v. Min Ltd., 412 Mass. 64, 66 (1992), quoting Covich v. Chambers, 8 Mass. App. Ct. 740, 750 n.13 (1979). The determination that a contract or term is or is not unconscionable is made in the light of its setting, purpose and effect.’ RESTATEMENT (SECOND) OF CONTRACTS §208 comment a (1981).” Miller v. Cotter, 448 Mass. 871, 679 (2007). In determining unconsciomWllJ as used in the Uniform Commercial Code, the Supreme Judicial Court stated, “Because there is no clear, all-purpose definition of ‘unconscionable,’ nor could there be, unconscionability must be determined on a case by case basis (see Commonwealth v. Gustafison, 370 Mass. 181, 187 (1976)), giving particular attention to whether, at the time of the execution of the agreement, the contract provision could result in unfair surprise and was oppressive to the allegedly disadvantaged party.” Zapatha v. Dairy Mart, Inc., 381 Mass. 284, 292-293 (1980). In determining unconscionability, the Court has applied a two-part test to determine “whether there was ‘an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party’ Williams v. Walker-Thomas Furniture Co., 350 F.2d 445, 449 (D.C. Cir. 1965). See Corenswet, Inc. v. Amana Refrigeration, Inc., 594 F.2d 129, 139 (5th Cir. 1979). The inquiry involves a search for components of ‘procedural’ and ‘substantive’ unconscionability.” Id. at 294 n.13.
Presented with a preprinted form to sign, the Vaks were given no “meaningful *40 choice,” and, mandating as it did that no matter who brings an action arising out of the agreement, and no matter who wins, the Yaks must pay Ryan’s attorney’s fees, the fee clause was clearly “unreasonably favorable” to Ryan. The form was “created solely by [Ryan], which was unrestricted in drafting that form by any fiduciary duty or obligation of reasonableness. Thus, [the agreement] is analogous ... to form promissory notes or other documents deemed to be adhesion contracts.” Consumer Prod. Distrib., Inc. v. Toy Town Pit Stop, Inc., 2011 Mass. App. Div. 42, 46. We are aware of no reported Massachusetts decision that has dealt with such a provision as found here,[5] perhaps because the issue is so obvious: the fee clause starkly chills the very constitutional right that every citizen of the Commonwealth has “to find a certain remedy, by having recourse to the laws, for all injuries or wrongs which he may receive in his person, property, or character” and “to obtain right and justice freely, and without being obliged to purchase it; completely, and without any denial; promptly, and without delay; conformably to the laws.” art. 11 of the Massachusetts Declaration of Rights. ‘While courts are hesitant to invalidate contracts on ... public policy grounds, the public interest in freedom of contract is sometimes outweighed by other public policy considerations; in those cases the contract will not be enforced.” Miller, supra at 683, quoting A.Z. v. B.Z., 431 Mass. 150, 160 (2000). The denial by the fee clause of such a “fundamental right” as “access to the courts,” McDonough, petitioner, 457 Mass. 512, 519 (2010), so requires its invalidation.
Instructing the jury in the first trial, the judge charged that the fee clause could apply only if Ryan prevailed. However, the “terms stated by the parties will be taken in their plain and ordinary sense unless otherwise indicated by the contract. Morse v. Boston, 260 Mass. 255, 262 (1927), and cases cited. It is not the role of the court to alter the parties’ agreement. ‘Even if it be found that the contract, according to its true meaning... fails to become operative, it is not for the court, in order to give it operation, to suppose a meaning which the parties have not expressed.... ‘ Shoe & Leather Nat’l Bank v. Dix, 123 Mass. 148, 150 (1877).” Rogaris v. Albert, 431 Mass. *41 833, 835 (2000). Rather, in accordance with the paragraph on severability in the agreement,[6] the entire provision was invalid and unenforceable, and not reformable, and should have been disregarded.
The award of attorney’s fees to Ryan is vacated.
So ordered.

 A third count, alleging that the agreement did not contain a “conspicuous” reference to the “conditions of acceptance” and thus violated G.L.c. 106, §1-201, was also returned to the trial court for further consideration. It was dismissed on summary judgment.

 The existence of the fee award of $5,500.00 is acknowledged by the Vales in their appeal; by Ryan in their motion to correct the judgment; by the judge, who presided at both the first trial and the second trial; and by us in Vaks I. The court docket, however, indicates only the entry of a judgment for Ryan “upon verdict of a jury” in the first trial, without mention of any money assessment. Similarly, the judgment entered on the docket in the second trial is for Ryan “after trial by a judge” without any money being awarded. As for the ruling on Ryan’s motion to correct the judgment, the docket states simply, “Findings: The judgment for Ryan stands.” Inasmuch as the parties and the trial judge all agree that a fee was awarded, we continue to treat it as such.

 But other jurisdictions have. The District of Columbia Court of Appeals approved the voiding of a provision in a deed of trust that required one party to a contract to pay the other party’s “legal fees regardless of the outcome of any litigation.” Wisconsin Ave. Assocs., Inc. v. 2720 Wis. Ave. Coop. Ass’n, Inc., 441 A.2d 956, 965 (D.C. 1982). A similar obligation in a construction contract was voided in First Atl. Bldg. Corp. v. Neubauer Constr. Co., 352 So. 2d 103, 106 (Fla. App. 4th Dist. 1977) (“It would be an anomaly to permit a party who breaches a contract to rely on the same contract to reimburse it for expenses, such as attorney’s fees, which arose out of the breach.”). See also Alexander v. Anthony Int'l, L.P., 341 F.3d 256, 267-268 (3d Cir. 2003) (arbitration agreement providing that each party bear its own attorney’s fees, where applicable statute provided fees for prevailing plaintiff, found unconscionable); Delta Funding Corp. v. Harris, 189 N.J. 28, 44 (2006) (arbitration agreement stating that “ [u] nless inconsistent with applicable law, each party shall bear the expense of that party’s attorneys’, experts’ and witness fees, regardless of which party prevails in the arbitration,” improperly limited “a consumer’s ability to pursue the statutory remedy of attorney’s fees and costs when it is available to prevailing parties”).

 The severability paragraph stated: “In case anyone [sic] or more of the provisions contained in this Agreement shall for any reason be held to be invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceable [sic] shall not affect any other provision hereof, and this Agreement shall be construed as if such invalid, illegal or unenforceable provision had not been contained herein.”